HORACE E. PODEMS AND BELLE PODEMS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46306. Filed April 18, 1955.

*Horace E. Podems, pro se.*
*John J. Hopkins, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The petitioners claimed the standard deduction under section 23 (aa) for each taxable year. Paragraph (2) of that subsection provides that "The standard deduction shall be in lieu of: (A) all deductions other than those which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income, * * *." The petitioners contend that they are entitled under section 22 (n) (2) to subtract from gross income, in computing adjusted gross income, the automobile travel expense incurred by Horace in each year, less the amount thereof which was reimbursed to him, or $388.41 for 1948, $458.88 for 1949, and $279.98 for 1950.

The Commissioner argues that the automobile expenses here in question were not ordinary and necessary expenses of Horace within the meaning of section 23 (a) (1) (A) to the extent that he could have been reimbursed for them had he taken the trouble to claim reimbursement by filing the necessary vouchers. He filed vouchers for many of the months and there was no excuse for him failing to file vouchers for all of the months. Expenses to be deductible must be both ordinary and necessary. Obviously, it was not necessary for

Horace to remain unreimbursed for the expenses of his automobile to the extent that he could have been reimbursed had he taken the trouble to file a voucher and be reimbursed by his employer. Those amounts were not ordinary and necessary expenses of Horace's business. *Hal E. Roach*, 20 B. T. A. 919, 925; *Glendinning, McLeish & Co.*, 24 B. T. A. 518, affd. 61 F. 2d 950.

The question remains, however, as to how much additional reimbursement he might have received for each year. The burden of proof was upon the petitioners. The evidence does not show the exact amount for any year. The reimbursements, which were on a mileage basis, would not fully reimburse Horace for the use of his car. They covered oil and gas consumed and a part of his other expenses. The runs were relatively short and the car was parked for long periods at the place where the audit was being made. The reimbursements would not cover such items as parking and depreciation which made up a large part of the total amount claimed. The principle of *Cohan v. Commissioner*, 39 F. 2d 540, has been applied in order to arrive at amounts which appear to be reasonable in view of all of the evidence.

The Commissioner next contends that even the unreimbursable portion of the automobile expenses may not be subtracted from gross income in determining adjusted gross income under section 22 (n) (2) because the expenses were not incurred in travel "while away from home." Section 22 (n) (2) provides that adjusted gross income means the gross income minus—

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.— The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

The travel on which the unreimbursable expenditures were incurred was all travel away from Orange, the "home" of Horace for this purpose, and was, therefore, travel away from home within the meaning of section 22 (n) (2) even though it never entailed an overnight trip. *Kenneth Waters*, 12 T. C. 414; *Carroll B. Mershon*, 17 T. C. 861.

*Decision will be entered under Rule 50.*