Marvin A. Heidt and Beatrice Heidt v. Commissioner.
Heidt v. Commissioner
Docket No. 62377.
United States Tax Court
T.C. Memo 1959-31; 1959 Tax Ct. Memo LEXIS 217; 18 T.C.M. (CCH) 149; T.C.M. (RIA) 59031; February 18, 1959
*217 John L. Carey, Esq., for the petitioners. Robert E. Johnson, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined deficiencies in income tax of the petitioners for the calendar years 1952 and 1953 in the amounts of $851.16 and $996.35. The sole issue for decision is whether petitioner, Marvin A. Heidt, is entitled to a deduction under section 23(a)(1)(A) of the Internal Revenue Code of 1939 for automobile expenses in the years 1952 and 1953 and, if so, the amount of the deductible expenses. Findings of Fact Some of the facts have been stipulated and are hereby found as stipulated. Petitioners Marvin A. Heidt (hereinafter referred to as the petitioner or as Heidt), and Beatrice Heidt are husband and wife who reside at South Bend, Indiana. They filed joint income tax returns for the calendar years 1952 and 1953 with the district director of internal revenue, Indianapolis, Indiana. Prior to May 1, 1939, Heidt had been director of personnel for the Budd Wheel Company and the Edward G. Budd Company of Detroit, Michigan. On May 1, 1939, he became employed by the Bendix Aviation Corporation, and since *218 that time and up to the present has held various jobs with that company of a supervisory nature. In 1946, he became a vice president and during 1952 and 1953 was vice president in charge of industrial relations. During those two years, Heidt's duties at Bendix included setting up for himself and his subordinates reasonable standards with respect to the use of expense accounts. These duties included passing upon the correctness of such expense accounts, other than his own. Heidt did not have authority to review or approve his own expense vouchers. These were reviewed and approved by the president of Bendix. Petitioner did not have authority to approve expenses claimed by other vice presidents. In discharging his duties, it was necessary for petitioner to travel on behalf of Bendix during each of the years involved. These trips were accomplished primarily by commercial transportation, usually rail or air. On many occasions, such commercial transportation originated at places some distance from South Bend. It was petitioner's practice to reach such points of origination by utilizing his own personal automobile. Upon arrival, he would place the automobile in commercial storage until *219 the termination of the trip, at which time he would reclaim the automobile and return to South Bend. Petitioner also used his own automobile in each of the years involved to transport locally Army and Navy dignitaries visiting Bendix at South Bend as well as Bendix employees who came to South Bend from other Bendix locations. During 1952, petitioner and his wife owned two automobiles, a Buick four-door sedan and a two-door Cadillac. In 1953, petitioner's wife became incapacitated and petitioners sold the Buick in mid-year. In both years involved, Heidt used the Cadillac for the transportation undertaken by him for Bendix as set out above. Petitioner determined with respect to 1952 and 1953 that he used the Cadillac for personal reasons to the extent of 10 per cent and 50 per cent, respectively. On their 1952 and 1953 returns, petitioners claimed as deductions automobile expenses of $1,666.62 and $630.22, respectively. During the years involved, Bendix had a general policy of reimbursing its executives and employees for commercial transportation, automobile, food, lodging, entertainment, and miscellaneous expenses if such expenses were incurred in carrying out corporate business. *220 The company reimbursement voucher used for this purpose included printed entries for each of the above types of expense, including automobile expense. In each of the years 1952 and 1953, petitioner filed approximately 34 such expense vouchers and was reimbursed for expenses claimed thereon. He regularly claimed reimbursement for commercial transportation, lodging, and food. However, it was his practice not to claim reimbursement from Bendix for expenses incurred in the use of his own automobile. With respect to automobile expenses, employees of Bendix, including executives, were entitled to reimbursement in 1952 and 1953 at the rate of seven or eight cents a mile. This reimbursement rule was set out in the written minutes of the Administrative Committee of Bendix. Petitioner occasionally used a company car. The executives of the various Bendix divisions had available for their use on company business automobiles owned by their particular division. Employees, other than executives, used their own personal automobiles when required to use such transportation on company business. To petitioner's best knowledge, executives of Bendix never claimed automobile expense reimbursement for *221 the use of their personal cars because they had company cars or divisional cars available to them. Opinion We are satisfied by the evidence that petitioner incurred some automobile expense on the business of his employer in both 1952 and 1953, although the amounts claimed as deductions for such expenses on the returns for those years are utterly lacking in any detailed substantiation. The petitioner has produced no bills, cancelled checks, travel memoranda, or other evidence whatsoever as to automobile repairs, storage charges, speedometer readings, or gasoline and oil purchases. In the main, he has told us only that he had to travel a great deal on company business and that he had to use his own automobile in order to reach the point of origination of commercial transportation. In this connection, he has offered us sample mileages from South Bend to these various points. Nevertheless, despite the lack of detailed substantiation, if petitioner is entitled as a matter of law to deduct such expenses, the amounts allowable could be fixed by application of the principle of Cohan v. Commissioner, 39 Fed. (2d) 540 (1930). It is a long-established rule that expenses are *222 personal to the taxpayer and that one taxpayer may not take deductions properly belonging to another. Andrew Jergens, 17 T.C. 806 (1951); Hal E. Roach, 20 B.T.A. 919 (1930). Nevertheless, where a corporate officer incurs an expense on behalf of the corporation, he is entitled to a deduction therefor if he can sustain his burden of proof of establishing that such expenses are a necessary expense of his office. Revenue Ruling 57-502, 1957-2 C.B. 118. In Horace E. Podems, 24 T.C. 21 (1955), we had occasion to consider the case of an employee who claimed a deduction for certain automobile expenses incurred in the course of his duties for his employer. We found as a fact in that case that the taxpayer could have been reimbursed by his employer for the expenses in question if he had simply taken the trouble to file a voucher, and that there was no necessity for his having remained unreimbursed. We declared (pp. 22, 23): "Expenses to be deductible must be both ordinary and necessary. Obviously, it was not necessary for Horace to remain unreimbursed for the expenses of his automobile to the extent that he could have been reimbursed had *223 he taken the trouble to file a voucher and be reimbursed by his employer. Those amounts were not ordinary and necessary expenses of Horace's business. * * *" In the instant case, the petitioner maintains that it was not only his practice not to claim reimbursement for automobile expenses but also that he actually "promulgated" a rule to that effect, applicable to himself. It is his contention that such expense claims represent an area of potential employee abuse and that, in view of his duty to review the expense vouchers submitted by others, he decided that he would be in a better position to pass upon these if he himself never sought such reimbursement. While the petitioners constantly refer on the record and on brief to a rule "promulgated" by Heidt which embodied this decision, the circumstances surrounding the alleged promulgation are vague, to say the least. Heidt testified that he did not publish any written rule which contained the self-imposed limitation. Moreover, there is no evidence that he informally announced such a rule. There is no evidence that the employees over whose expense vouchers he had approval authority even knew of the existence of such a rule. Petitioner's *224 testimony as to whether the Administrative Committee of Bendix, of which he was a member, knew and approved of the alleged rule was so vague and uncertain as to permit no conclusion to be drawn therefrom. There is no evidence that the president of Bendix, who had the authority to review Heidt's own expense vouchers, knew of the alleged rule. Insofar as the record before us discloses, the conclusion is inevitable that this so-called "rule" found its existence, if at all, only in the mind of petitioner. Although petitioner insists that the selfimposed restriction left him less vulnerable to criticism by persons whom he disciplined, the evidence in this regard here is not persuasive and does not lend weight to his contention. For one thing, the very employees whose vouchers he had authority to review had no knowledge of the rule so far as we can determine. Secondly, he had no authority to pass upon his own expense vouchers in any event. Furthermore, he apparently felt under no similar inhibition with respect to claiming reimbursement for a variety of other expenses. Petitioner submitted one example of his expense vouchers, that for the week ending February 2, 1952, upon which, in addition *225 to commercial transportation, lodging, and food, he claimed $25 as "Miscellaneous" expense. It is difficult to see how such a category would be any less susceptible to employee abuse than that of automobile expense. There is no real evidence that company transportation would not have been available to Heidt had he chosen to use it, and we conclude that his use of his own automobile was based primarily on considerations of personal choice and convenience and certainly not upon any necessity of office. This being the case, his decision not to claim reimbursement for automobile expenses, while perhaps sincerely motivated, cannot convert what would properly be Bendix's expenses into ordinary and necessary business expenses of his own. Nowhere on the record is there a scintilla of evidence that, had petitioner in fact claimed reimbursement for the expenses in question, he would not have been granted reimbursement. Under these circumstances, the automobile expenses deducted in 1952 and 1953 were not ordinary and necessary business expenses of petitioners. Horace E. Podems, supra. In view of this decision, it is not necessary to determine the amount of expenses actually *226 incured. Decision will be entered for the respondent.