Earl M. Coplon and Mollie M. Coplon v. Commissioner.
Coplon v. Commissioner
Docket No. 65548.
United States Tax Court
T.C. Memo 1959-34; 1959 Tax Ct. Memo LEXIS 214; 18 T.C.M. (CCH) 166; T.C.M. (RIA) 59034; February 25, 1959
Roger K. Powell, Esq., Huntington Bank Building, Columbus Ohio, for the petitioners. Mark H. Berliant, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax of $2,458.34 for the year 1954. The only issue for decision is the deductibility of $4,755.61 as a business expense. Findings of Fact Petitioners are husband and wife residing in Columbus, Ohio. Their joint return for the calendar year 1954 was filed with the district director of internal revenue at Columbus, *215 Ohio. Earl was employed during 1954 and for a number of years prior thereto as a vice president and retail sales supervisor of the Shoe Corporation of America. He was supervisor for a territory which included parts of Ohio, Indiana, West Virginia, Missouri, Kentucky, and Illinois. He had 16 district managers, 81 stores and store managers under his supervision. The president of Shoe Corporation left full responsibility for the stores in his territory to Earl. In turn, Earl delegated as much responsibility to the individual store managers as possible. He primarily concerned himself with company policy, operating costs, markups, and vacations. Earl received a salary of $15,700 in 1954. In addition, the Shoe Corporation operated on the basis that 20 per cent of profits of the retail stores was divided among the retail sales supervisors, the district managers and the store managers. Of these profits Earl received 4 1/4 per cent; district managers received from 12 1/2 to 15 per cent from their own stores and 5 per cent from others and each individual store manager received 10 per cent. In connection with the supervision of the stores in his territory Earl claimed from Shoe Corporation *216 and received reimbursement for expenses incurred in the amount of $2,200. He prepared and submitted vouchers setting forth the details of these expenditures. The Corporation charged such reimbursements connected with a particular store against the operating costs of that store. Earl's success in his employment depended to some extent on maintaining good relations with his district and store managers. To this end he entertained them and their families on occasion when he visited the various stores and gave gifts, such as flowers, in the case of a death, birth, or sickness. This good will was also of a great deal of benefit to Earl's employer. He incurred expenses of this character in the amount of $2,500 during 1954. He did not claim reimbursement for these expenses from the Corporation, though had he prepared and submitted vouchers therefor the Corporation would have accepted and reimbursed him for the charges. On the 1954 income tax return petitioner claimed a deduction for business expenses described as follows: Actual 3-21-54 to 12-31-54
$3,335.61
Estimated 1-1-54 to 3-20-54
670.00
Estimated Automobile Expenses, in ex-
cess of reimbursement
750.00
$4,755.61
*217 The Commissioner disallowed the claimed deduction with the explanation that it was not deductible under the provisions of sections 161 and 162 of the Internal Revenue Code of 1954 in computing gross income and taxable income. Opinion At the trial of this case counsel for the Commissioner in his opening statement raised the question of substantiation of the amount of the claimed expenditures, and the Court later asked whether the amount was in dispute, to which the answer "Yes" was given. Nevertheless, the only evidence offered on this point on behalf of petitioners was Earl's oral testimony. This testimony was general in nature and was not buttressed by vouchers, receipts, cancelled checks or records of any kind. Accordingly, we have found that he expended $2,500 rather than the $4,755.61 claimed, bearing heavily against petitioner, Cohan v. Commissioner, 39 Fed. (2d) 540. To sustain the propriety of the claimed deduction, petitioner relies solely on Harold A. Christensen, 17 T.C. 1456. The taxpayer there was employed by a corporation as a field manager. His territory was large and he had 15 salesmen under him. In connection *218 with his duties he spent some of his own money on the salesmen or their families to bring about and maintain good business relations between them and himself so that his employer's business might prosper and his own earnings increase. The expenditures were not required by his employer and were not reimbursed. He was reimbursed for travel expenses. We allowed half of the claimed expenses as a deduction. To a large extent, the facts of the Christensen case parallel those before us. There is, however, a significant difference seized upon here by the Commissioner for denying the deduction. We find here that Earl could have been reimbursed by the Corporation had he taken the trouble to prepare and file vouchers. He was reimbursed for other expenses totaling some $2,200. The exact nature of these expenses is not disclosed, but some part appears to have been for hotel bills and for expenses for the benefit of all the stores in his division, which, presumably could not be prorated and charged back to an individual store. Exactly how Earl distinguished between expenses to be charged back to a store and reimbursed to him and those for which he would not ask reimbursement cannot be determined *219 from the record. His explanation of a particular item, for instance, was that he would not ask reimbursement for a dinner bought for a store manager because such an expense would then be charged to the store and would not result in any good will from its manager. This explanation is plausible, but the important fact is that even for such an item Earl could have been reimbursed by his employer. Another example which Earl gave of a "non-reimbursable" item was a gift of $100 to his secretary who was an employee of the Corporation. It is well settled that a corporation and its officers are different entities and the business of the corporation cannot be considered to be the business of its officers. Burnet v. Clark, 287 U.S. 410. It is also established that one taxpayer cannot deduct the expenses of a separate and distinct taxpayer. Deputy v. du Pont, 308 U.S. 488. On this record we think that the expenses sought to be deducted are in fact the expenses of the Corporation and not the business expenses of petitioner. To the district managers and store managers Earl represented the Corporation and the good will he says he spread was beneficial "a great deal" *220 to the Corporation as a whole and not just to him individually. When asked on cross-examination whether there was any dispute that he could have been reimbursed had he made voucher applications, Earl said, "there would not have been any dispute on most of the items". He did qualify this, however, by testifying that there were some items for which he could not have asked reimbursement; for example, gifts to some one who had a baby where the Corporation also had made a gift. This qualification does not negate the fact that most of the claimed expenses were actually expenses on behalf of the Corporation which the Corporation would have paid had claim been made. Simply by failing to seek reimbursement Earl cannot convert business expenses of the Corporation into his own business expenses. Horace E. Podems, 24 T.C. 21. In that case we said: "Obviously, it was not necessary for Horace to remain unreimbursed for the expenses * * * to the extent that he could have been reimbursed had he taken the trouble to file a voucher and be reimbursed by his employer. * * *" And see Levy v. Commissioner, (C.A. 5) 212 Fed. (2d) 552, affirming a Memorandum Opinion of this Court, *221 where the Court of Appeals said, at page 554: "It is well settled that expenses for which there exists a right of reimbursement are not ordinary and necessary business expenses within the meaning of Section 23(a)(1) * * *." We conclude that Earl has not carried his burden of showing that the claimed business expenses were his own. Accordingly he may not properly take the deduction. Decision will be entered for the respondent.