ELIZABETH A. GRAVETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gravett v. Commissioner
Docket No. 2496-93
United States Tax Court
T.C. Memo 1994-156; 1994 Tax Ct. Memo LEXIS 157; 67 T.C.M. (CCH) 2651; April 13, 1994, Filed *157 Elizabeth A. Gravett, pro se. For respondent: Mark Weiner. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 2,902, plus an addition to tax under section 6651 in the amount of $ 427.75. After concessions by the parties, the issues for decision are: (1) Whether petitioner is entitled to an additional $ 2,397 for unreimbursed employee business expenses; and (2) whether petitioner is liable for the addition to tax under section 6651. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Burbank, *158 California. Petitioner bears the burden of proving respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Unreimbursed Employee Business Expenses
During 1989, petitioner was employed as a promotional display supervisor for the Broadway Department Stores (hereafter referred to as the Broadway). As such, petitioner was required to regularly visit the various Broadway stores which were located throughout central and southern California. [2] During the year at issue, the Broadway had a company policy of reimbursing its monthly employees, such as petitioner, 18 cents per mile for use of an employee's personal car for trips outside of a 75-mile radius from the employee's home. Conversely, the Broadway would not reimburse petitioner for any trips within a 75-mile radius of petitioner's home. *159 On her 1989 Schedule A, petitioner claimed $ 900 as unreimbursed employee business expenses. Petitioner's Form 2106, Employee Business Expenses, indicated that petitioner incurred $ 4,900 in parking fees, tolls, and local transportation costs, and that she received reimbursement in the amount of $ 4,000 from the Broadway. Respondent did not disallow the amount claimed by petitioner on her 1989 return for unreimbursed employee business expense. However, at trial, petitioner testified that the amounts reported on her Form 2106 were erroneous as such amounts were merely estimates. The parties stipulated that the Broadway reimbursed petitioner $ 1,213.93 for her business mileage, rather than the $ 4,000 claimed on the return. Petitioner contends that she is entitled to an additional $ 2,397 for unreimbursed business expenses. In support of that claim, petitioner submitted a diary which contained contemporaneous entries of all her business trips, including location and distance traveled, and petitioner testified generally to the business purpose of these trips. We found petitioner to be a very credible witness. Section 162(a) allows a deduction for all ordinary and necessary expenses *160 incurred in carrying on a trade or business. An ordinary expense is one that is common and acceptable in the particular business. Welch v. Helvering, 290 U.S. 111, 113-114 (1933). A necessary expense is an expense that is appropriate and helpful in carrying on the trade or business. Heineman v. Commissioner, 82 T.C. 538, 543 (1984). The performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). When an employee has a right to reimbursement for expenditures related to her status as an employee, but fails to claim such reimbursement, the employee's expenses are not deductible because the employee's expenditures are not "necessary". Lucas v. Commissioner, 79 T.C. 1, 7 (1982). The burden of establishing that the expense was not reimbursable by the employer had the employee requested reimbursement rests with the employee. Podems v. Commissioner, 24 T.C. 21, 23 (1955). Petitioner's diary reflects 12,606 business miles incurred during 1989. According to the *161 diary, petitioner traveled 4,077 miles on trips involving a radius of more than 75 miles (i.e., the total mileage for the trip exceeded 150 miles). On the other hand, petitioner received reimbursement from the Broadway of $ 1,213.93, indicating that she claimed reimbursement for 6,744 miles. This apparent discrepancy was not observed or addressed. Accordingly, we conclude that petitioner incurred no more than 5,862 business miles (12,606 minus 6,744) for which she could not, and did not, receive reimbursement from her employer. The standard mileage rate for 1989 was 25.5 cents per mile. Rev. Proc. 89-62, 1989-2 C.B. 782. Petitioner is entitled to a deduction for her nonreimbursable miles at the rate of 25.5 cents or $ 1,494.81. In addition, because she was only reimbursed at the rate of 18 cents per mile, she is entitled to a deduction of 7.5 cents per mile (25.5 cents less 18 cents) for the miles reimbursed by the Broadway or $ 505.80 (6,744 miles times 7.5 cents). Shepherd v. Commissioner, T.C. Memo. 1976-48. The total of these amounts ($ 1,494.81 and $ 505.80) exceeds the amount claimed on the return *162 ($ 900) by $ 1,100.61. Accordingly, we allow petitioner an additional deduction for that amount. Section 6651(a)(1)
Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. It is petitioner's burden to show that she filed her return timely or that reasonable cause existed for her failure to timely file her return. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Haden v. Commissioner, T.C. Memo. 1986-539; Carlin v. Commissioner, T.C. Memo. 1981-694. Petitioner was granted an extension of time until October 15, 1990, to file her 1989 Federal income tax return. However, petitioner's 1989 return was not filed until December 5, 1990. Petitioner's return preparer, Mr. R. Milo Gilbert, testified at trial that petitioner provided him with her tax information in September 1990 and that he placed such information in the trunk of his car to transport it to his office. Thereafter, before Mr. Gilbert had a chance to remove the information from the car, he loaned the *163 car to his grandson. Mr. Gilbert thought his grandson was going to return the car shortly. However, the grandson left California with the car and did not return until November 1990. Although Mr. Gilbert was infuriated with the actions of his grandson, he did not call the police. Nevertheless, based on Mr. Gilbert's testimony, we believe there was reasonable cause for petitioner's failure to timely file her 1989 tax return. Accordingly, we hold for petitioner on this issue. To reflect the foregoing, Decision entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. During 1989, petitioner visited Broadway Department Stores located in downtown Los Angeles, Baldwin Hills, Anaheim, Long Beach, Del Amo, Whittier, West Covina, Ventura, Topanga Plaza, Century City, Downey, Huntington Beach, San Bernardino, Bakersfield, Newport Beach, Montclair, Riverside, Orange, Cerritos, Northridge, Carson, Puente Hills, Pasadena, Arcadia, Laguna Hills, Fox Hills, Glendale, Hawthorne, Sherman Oaks, Grossmont, Chula Vista, Fashion Valley, La Jolla, Thousand Oaks, Brea, South Coast Plaza, San Diego, Carlsbad, Santa Monica, Beverly Center, Escondido, and Santa Barbara.↩