T.C. Memo. 1999-310


UNITED STATES TAX COURT


MICHEL L. DIXON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2596-98.                    Filed September 21, 1999.


Michel L. Dixon, pro se.

<u>Marshall R. Jones</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, <u>Special Trial Judge</u>:  Respondent determined a

$2,339 deficiency in petitioner's 1993 Federal income tax, and an

addition to tax in the amount of $100 under section 6651(a)(1).[1]

In the petition, petitioner disputes the entire amount of the

    [1]Section references are to the Internal Revenue Code of
1986, as amended and in effect for 1993.

deficiency and addition to tax and, further, claims an overpayment.

The issues for decision are: (1) Whether petitioner is entitled to certain miscellaneous itemized deductions, some of which were claimed on his 1993 Federal income tax return, and others that support his claim for an overpayment; and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for his failure to file a timely 1993 Federal income tax return.

                         FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in San Clemente, California.

Petitioner holds several master's degrees, including a master's degree in education received in 1976. During 1993, he was employed in a civilian capacity as an education specialist for the U.S. Department of Defense. His post of duty was Ft. Baker, California. At the time he was living in Novato, California, in an apartment that consisted of one bedroom, a kitchen, a living room with a dining area, and a bathroom. His rent expense during that year was $650 per month.

Petitioner was required to travel from time to time in connection with his employment with the Department of Defense, and he did so during the year in issue. He was entitled to

reimbursement from his employer if he used his personally owned automobile in connection with employment-related travel. In 1994 petitioner submitted a travel voucher to his employer seeking reimbursement for the use of his personally owned automobile in connection with employment-related travel that occurred between November 1991 and September 1994. His claim was denied with respect to travel that took place before March 1994 because the claim was not timely submitted.

During 1993 petitioner decided to resign or retire from Federal Government employment and find a job as a school principal. In this regard he responded to employment vacancy announcements published by various school boards, most of which were located in California. Typically, petitioner would send a letter of interest to the school board that had published the vacancy announcement. Petitioner prepared the letters using the personal computer on the table in the dining area of his apartment. Sometimes he received a written response to his letter; other times he received a message on the answering machine in his apartment. If an interview was subsequently arranged, petitioner would usually drive to the location of the interview. To save money, petitioner slept in his car on those occasions when the location of the interview was so far from his home that he could not drive to, and return from, the interview

in 1 day. Through this process, petitioner was offered and accepted a job in 1994 in Round Valley, California.

Petitioner's 1993 Federal income tax return was filed on April 15, 1996. His adjusted gross income for 1993 was $44,236. Petitioner elected to itemize deductions and computed the taxable income and Federal income tax liability reported on his return accordingly. Relevant for our purposes, petitioner claimed miscellaneous itemized deductions totaling $14,984 on the Schedule A included with his 1993 return. That deduction is composed of the following items:

| | |
|---|---|
| Unreimbursed employee expenses | $12,463 |
| Home office expense | 2,521 |

The unreimbursed employee expenses relate to traveling expenses petitioner claims to have incurred in looking for employment as a school principal.

In the notice of deficiency respondent disallowed the claimed miscellaneous itemized deductions. Respondent further determined that petitioner is liable for an addition to tax of $100 under section 6651(a)(1) for his failure to file a timely 1993 Federal income tax return.

OPINION

Petitioner claimed a $2,521 home office deduction on his 1993 return. According to petitioner, he computed the amount of the deduction on the basis of an examination of his Federal

income tax return for 1984 when he was living at a different address and working for a different employer. Petitioner argues that he is entitled to a home office deduction for 1993 because: (1) He wrote letters to various school boards on his personal computer, which was set up on the table in the dining area of his apartment; and (2) messages in response to his letters were left on his home answering machine.

In general, a taxpayer is not entitled to deduct any expenses related to the use of a dwelling unit used by the taxpayer as a residence during the taxable year. See sec. 280A. Expenses attributable to a home office are excepted from this general rule, however, if the expenses are allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business. See sec. 280A(c)(1).

During 1993, no portion of petitioner's apartment was exclusively used on a regular basis as petitioner's principal place of business. The fact that petitioner might have been allowed a home office deduction for a prior year under different circumstances is of no consequence. Petitioner is not entitled to a home office deduction for 1993, and respondent's determination in this regard is sustained.

The balance of the disallowed miscellaneous itemized deductions consists of traveling expenses that petitioner claims were incurred in seeking employment as school principal.

In general, section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in connection with the taxpayer's trade or business, including expenses incurred in searching for new employment in the same trade or business. See Cremona v. Commissioner, 58 T.C. 219 (1972); Primuth v. Commissioner, 54 T.C. 374 (1970). Expenses incurred in seeking a new trade or business, however, are not deductible. See Dean v. Commissioner, 56 T.C. 895 (1971).

There is some question whether the type of employment that petitioner was seeking in 1993 (school principal) should be considered the same type of trade or business in which he was then currently employed (education specialist for the Department of Defense). Nevertheless, we give petitioner the benefit of the doubt on the point and focus our attention on the nature and amount of expenses that petitioner claims to have incurred.

Petitioner claimed a $12,463 deduction for traveling expenses that he claims he incurred in seeking employment as a school principal. Of this amount $8,250 is attributable to vehicle expenses; $472 is attributable to parking fees, tolls, etc.; $1,941 is attributable to lodging, airfares, etc.; and

$2,250 is attributable to meals.  Petitioner computed the vehicle expenses by applying the then standard mileage rate of $.275 per mile to the 30,000 miles he claims that he drove to attend job interviews at various locations.

All of these expenses are subject to the strict substantiation requirements imposed by section 274(d). Deductions for expenses subject to section 274(d) are not allowed "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * [and] (C) the business purpose of the expense or other item".  Petitioner claims that he recorded all of the trips that he took to attend job interviews on a calendar that was offered into evidence but excluded upon respondent's objection.  Because the calendar was not admitted into evidence, it has not been taken into consideration.  Furthermore, under the circumstances, even if petitioner's calendar had been admitted into evidence, it would have been given very little, if any, weight.

Petitioner argues that he was not required to keep substantiating records for meals and lodging expenses.  According to petitioner, he is entitled to claim the "government per diem" amount for each location to which he traveled to attend a job interview.  It would appear that petitioner relies upon Rev.

Proc. 93-21, 1993-1 C.B. 529, in support of his argument.  That revenue procedure relaxes some of the strict substantiation requirements of section 274(d) under certain circumstances; however, none apply to petitioner.  Petitioner did not receive a per diem allowance from any payor, and he did not incur the meals expense as a self-employed individual.  The revenue procedure does not apply, and petitioner cannot rely upon it to support any portion of the deduction claimed on his 1993 return or his claim for an additional deduction.

Petitioner has failed to satisfy the requirements of section 274(d) with respect to any traveling expense that he might have incurred in seeking employment as a school principal during 1993. Therefore, he is not entitled to a deduction for any such expense, and respondent's determination in this regard is sustained.

Petitioner also now claims that he is entitled to an additional deduction for unreimbursed travel expenses incurred as an employee of the Department of Defense.  Petitioner made a claim to his employer for reimbursement, but his claim was denied because it was submitted late.  Assuming that the claim was otherwise valid, had petitioner submitted the reimbursement claim timely, the claim would have been paid.  If a taxpayer is eligible to be reimbursed for an expense from his or her employer but fails to make a proper claim for reimbursement, the expense

is not deductible.  See <u>Stolk v. Commissioner</u>, 40 T.C. 345, 356 (1963), affd. 326 F.2d 760 (2d Cir. 1964); <u>Podems v. Commissioner</u>, 24 T.C. 21, 23 (1955); <u>Fast v. Commissioner</u>, T.C. Memo. 1998-272.  Petitioner is not entitled to an additional deduction for employment-related travel expenses that would have been reimbursed by his employer if he had submitted a timely claim for reimbursement.

Petitioner's 1993 Federal income tax return was due on or before April 15, 1994, see sec. 6072(a), but it was not filed until April 15, 1996.  Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax required to have been shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate.  If an income tax return is not filed within 60 days of the prescribed date for filing (including extensions), the addition to tax imposed is not less than the lesser of $100 or 100 percent of the amount required to be shown as a tax on the return.  The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect.

Petitioner's 1993 return was not filed within 60 days of April 15, 1994.  The amount required to have been shown as a tax on that return exceeds $100.  In the notice of deficiency

respondent determined that petitioner was liable for a $100 addition to tax under section 6651(a).

Petitioner explained that he did not file his return on time because he believed that he was due a refund. Petitioner's erroneous belief that he was due a refund does not constitute reasonable cause for the failure to file a timely Federal income tax return. See Krieger v. Commissioner, T.C. Memo. 1993-347, affd. without published opinion 64 F.3d 657 (4th Cir. 1995). Because petitioner has not demonstrated that his failure to file a timely 1993 Federal income tax return was due to reasonable cause and not due to willful neglect, he is liable for the addition to tax under section 6651(a)(1) as determined by respondent.

To reflect the foregoing,

Decision will be
entered for respondent.