T.C. Summary Opinion 2010-133


UNITED STATES TAX COURT


VLADIMIR SHPILRAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10883-09S.          Filed September 9, 2010.


Vladimir Shpilrain, pro se.

<u>Eliezer Klein</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2006 a deficiency of $3,521 in petitioner's Federal income tax.

The issue for decision is whether petitioner is entitled to deduct expenses for travel, meals, and entertainment in excess of those respondent allowed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in New York when the petition was filed.

Petitioner became in 2004 a tenured professor of mathematics at the City College of New York, part of the City University of New York (CUNY). In that same year petitioner started doing research in cryptography. His research in cryptography was related to his earlier work in a field of mathematics called group theory. Petitioner's research led to the idea of producing unique algorithms[1] on software for cryptographic purposes to be sold to chip manufacturers. Petitioner found that in 2004 and 2005 there existed a substantial market for products like RFID

---

[1]An algorithm is a step-by-step procedure for solving a problem or accomplishing some end. Webster's Ninth New Collegiate Dictionary 70 (1990). According to petitioner, cryptographic algorithms are very fast and use very little computer memory, making them ideal for tiny computer chips.

(radio frequency identification) tags, "keyless" entry devices, and other small electronic devices that require code encryption. For a conference in 2005, "Crypto 2005", petitioner was listed on the program, along with Alexei Myasnikov and Alexander Ushakov, as being responsible for the topic "A Practical Attack on a Braid Group Based Cryptographic Protocol" from 2:25 to 2:50 p.m.

In 2006 petitioner traveled to Nashville, Tennessee, on two occasions. He also made trips in 2006 to Ithaca, New York, Beijing, China, his former home in Moscow, Russia,[2] Cologne and Bonn, Germany, and an international conference on information security and cryptography in Busan, Korea. The purpose of the trip to Ithaca was to discuss group-based cryptography with a Professor Reilly. Professor Reilly was not a potential customer. Petitioner incurred no hotel expenses on his two trips to Moscow because he stayed with his family. On the application for the conference in Korea petitioner listed his affiliation as City College of New York.

Petitioner purchased during 2006 over 70 books related to the study of abstract algebra including three directly related to cryptography.

Petitioner and his associates, Professors Myasnikov and Ushakov, could have used the commercialization office at CUNY to

---

[2]Petitioner made two trips to Moscow lasting from June 17 to 30, 2006, and from July 7 to 15, 2006.

promote their cryptographic algorithms. They did in fact investigate using the office in 2007. They did not make earlier inquiries because petitioner did not know the office existed as he was not previously involved in business operations.

Petitioner timely filed his Federal income tax return for 2006 and attached to it a Schedule C, Profit or Loss From Business. The Schedule C listed the principal business or profession as "Research and Writing" and the business name as "Vladimir Shpilrain". Petitioner listed his home address as the business address. Petitioner reported gross receipts and gross income of $476. He reported expenses on the Schedule C of $15,397, including expenses for: (a) Supplies of $4,230, including books and computer equipment; (b) travel of $7,920; and (c) meals and entertainment of $2,140.

None of petitioner's products have a commercial name. Petitioner has no patent or copyright on his algorithms. Petitioner, however, citing the complexity of the mathematics of his algorithms, minimized the necessity for intellectual property protection. Petitioner, as of trial, had never sold a software program. Petitioner's business has no Web site, and petitioner has no Web site. Petitioner produced no physical evidence of his product at trial. Petitioner had at trial no records to document his meetings with potential buyers.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that he satisfied the requirements of section 7491(a). Therefore, the burden of proof with respect to the issues in the notice of deficiency does not shift to respondent.

Petitioner argues that he is entitled to deduct the ordinary and necessary business expenses of his "research and writing" activity. Respondent in the notice of deficiency determined that petitioner did not establish that the claimed Schedule C expenses were paid or were ordinary and necessary to the extent they exceeded $5,337. In his pretrial memorandum respondent's counsel argued, in addition to the issues in the statutory notice, that petitioner was not in a trade or business either because he had no profit objective, or alternatively, because he was just starting up but had not yet commenced his business.

## Trade or Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not for personal reasons, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. See Walliser v. Commissioner, supra at 437.

Petitioner has, potentially, two trades or businesses. He is employed as a professor of mathematics,[3] and he is engaged in research and writing on mathematical issues. He "wears two hats" but the "hats" are so similar in appearance that it is difficult to tell the difference between them. Because of this circumstance, it is particularly important that petitioner distinguish his research and writing activity from his activity as college professor as well as from his personal activities.

If a particular expense is related to his employment, it might be deductible as an employee business expense on Schedule A, Itemized Deductions. Petitioner would have to show, however, that the expense was not subject to reimbursement from his

---

[3]An employee's performance of services is a trade or business. E.g., Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

employer, CUNY. An expense is not deductible as ordinary and necessary to the extent that it was subject to reimbursement by the employer. Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

For an expense to be deductible as a trade or business expense on Schedule C petitioner must show that the expense is not a personal expense and that the expense is that of a trade or business other than that of his services as an employee.

Petitioner spent a substantial sum for the purchase of books related primarily to abstract algebra. He included $1,859 as the cost of the books on Schedule C in "supplies", but he offered no evidence at trial, other than his own testimony, that the book purchases were related to a trade or business other than his employment.

## Expenses Under Section 274

Certain business expense deductions described in section 274 are subject to strict rules of substantiation. See sec. 1.274-5T(c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined

in section 280F(d)(4),[4] unless the taxpayer substantiates certain elements.

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use; (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use. See sec. 274(d).

To meet the adequate records requirements of section 274(d) a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

---

[4]"Listed property" includes any computer or peripheral equipment. Sec. 280F(d)(4)(A)(iv).

Included in petitioner's deduction for supplies was $2,108 for a Sony Vaio notebook computer. Petitioner offered no substantiation for the purchase of the computer, and the expense fails to meet the requirements of section 274(d). See sec. 1.274-5T(d)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46026 (Nov. 6, 1985).

Petitioner's traveling expense deductions, including meals and lodging away from home, are subject to section 274(d) and the regulations thereunder. Petitioner presented receipts and travel documents that meet the adequate records requirements to substantiate the amount of his claimed travel expenditures and the time and place of the expenditures. Where he has failed is at providing adequate records of the business purpose of the expenditures. Petitioner testified that he did not keep formal records because he did not think he would "need them" (for IRS).

Petitioner testified that his business was a joint venture with Professors Ushakov and Myasnikov and that there was a simple partnership agreement to share profits. Petitioner explained that his business operations include promotion and advertising and that the expenses at issue are related to promoting and advertising his product.[5] Petitioner stated that he was promoting

---

[5]This testimony seems to conflict with his previous testimony that he did not contact the commercialization office at CUNY before 2007 because he was not previously involved in "business operations".

and advertising his products at various meetings.  Petitioner testified that his associates, who helped him create the software programs, also traveled abroad to conferences.  According to petitioner, some of these meetings were conferences in cryptography that were attended not only by academic researchers but also by potential buyers "from the industry".

Petitioner explained that during presentations at the conferences, he described the benefits and features of his product and invited contacts from interested parties.

According to petitioner, there was feedback from his meetings:  potential buyers made comments, asked questions and suggested improvements.  He had to think about the feedback and contact his partners to come up with improvements.  The meetings were "quite useful" because they gave him a feeling of what a particular industry wanted from a product like his.

Petitioner's testimony is reasonable; however, he has failed to provide the Court with any adequate records or sufficient evidence to corroborate his own testimony.  There is documentary evidence of only one trip to a "conference" on cryptography in 2006, in Busan, Korea.  At that conference petitioner listed himself as an affiliate of CUNY.  Petitioner testified that he met with "potential customers" in China, Russia, and Germany.  He failed, however, to provide any documentary evidence to substantiate his own testimony on the business purpose of any of

the trips to Nashville, Tennessee, Ithaca, New York, Beijing, China, Moscow, Russia,[6] and Cologne and Bonn, Germany.

Petitioner has failed to show that he is entitled to Schedule C deductions in excess of those respondent allowed. Because petitioner has failed to adequately substantiate his deductions, the Court need not address the profit objective, trade or business, and startup issues respondent raised in his pretrial memorandum.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[6]Were petitioner to have met the requirements of sec. 274(d), with respect to the trips to Moscow, he would be required to show that portion of each trip that was spent on business as opposed to personal activities.  See sec. 274(c).