T.C. Memo. 2020-10

UNITED STATES TAX COURT

DANIEL ALAN NEAR AND DENISE FRANCES MAYHUGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8721-18.                           Filed January 14, 2020.

Daniel Alan Near, pro se.

<u>Daniel J. Kleid</u>, <u>Sharyn M. Ortega</u>, and <u>Brian A. Pfeifer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $8,721 and a

penalty pursuant to section 6662(a) of $1,744 for 2015.  Unless otherwise

indicated, all section references are to the Internal Revenue Code (Code) in effect

for the year at issue, and all Rule references are to the Tax Court Rules of Practice

and Procedure.  All monetary amounts are rounded to the nearest dollar.

**[\*2]**   Respondent conceded one expense deduction petitioner husband claimed on his Schedule C, Profit or Loss From Business, and the section 6662(a) penalty. The issues for our consideration are whether petitioners are entitled to deduct travel and car and truck expenses reported on petitioner husband's Schedule C and whether petitioner husband, in the alternative, is entitled to deduct unreimbursed employee expenses.

FINDINGS OF FACT

The parties did not stipulate any facts.  Some of the facts are subject to judicial notice and are so found.  See infra pp. 4-5.

Petitioners resided in California when they timely filed their petition. During 2015 petitioner husband was an employee of the State of California Department of Transportation (Caltrans) in Sacramento, California, and also had his own law firm in Folsom, California.  Until June 27, 2015, petitioner wife was a legal secretary for Caltrans.

Because petitioner husband had a monthly transit pass, he did not drive to work regularly.  Sometimes he would carpool with petitioner wife, but their work schedules were not the same.

In 2015 petitioner husband worked on the State civil case, Hukill v. California, No. FCS037118 (Cal. Super. Ct. Solano Cty. Jan. 26, 2016) (Hukill

[*3] trial), in his role as an employee of Caltrans.  Proceedings related to the Hukill trial were ongoing from October 26 through December 23, 2015, in Solano County, California.  Petitioner husband was listed as counsel for defendant on the docket sheet for the Hukill trial.

During the Hukill trial petitioner husband rented a hotel room near the Solano County courthouse.  Petitioner husband was entitled to reimbursement for expenses for his work for Caltrans.  The Agreement between the State of California and California Attorneys, Administrative Law Judges and Hearing Officers In State Employment covering Bargaining Unit 2 Attorneys and Hearing Officers (collective bargaining agreement), which covers petitioner husband in his capacity as a Caltrans attorney, provides for the reimbursement of miles beyond one's normal commute and lodging expenses.

Petitioners filed a joint Federal income tax return for 2015.  Petitioner husband reported gross receipts of $19,500 and expenses associated with his law firm on his Schedule C.  Petitioner husband's gross receipts included a $17,500 payment from CSAA Insurance Exchange which he deposited into his law firm's attorney-client trust account.[1]  His expenses totaled $64,192, including car and

---

[1]The payment was for a settlement that petitioner husband obtained for a client in a personal injury matter.  He kept 25% of the payment plus additional

(continued...)

**[\*4]** truck expenses of $5,259, travel expenses of $16,954, and other expenses of $12,630.  The travel expenses petitioner husband claimed deductions for consisted of hotel stays and flights for his work during the <u>Hukill</u> trial and for several trips including petitioners' family members.  Respondent issued a notice of deficiency disallowing travel, car and truck, and other expenses.

OPINION

I.      <u>Evidentiary Issue</u>

At the beginning of the trial respondent filed a motion for the Court to take judicial notice of the court docket in <u>Hukill</u> (<u>Hukill</u> docket) and the collective bargaining agreement effective July 2, 2013, through July 1, 2016.  Pursuant to rule 201 of the Federal Rules of Evidence this Court may take judicial notice of a fact that is not subject to reasonable dispute if it is generally known within our territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

Rule 201(c)(2) of the Federal Rules of Evidence provides that a court "must take judicial notice if a party requests it and the court is supplied with the

---

[1](...continued)
fees, paid the remaining $12,630 to his client pursuant to a pre-existing contract, and claimed an other expenses deduction in the amount paid to his client. Respondent disallowed petitioners' other expenses deduction in the notice of deficiency but has since conceded this issue.

[*5] necessary information." The Hukill docket was downloaded from the Solano County Superior Court's website on September 9, 2019. The collective bargaining agreement was downloaded from the California Department of Human Resources' website on September 9, 2019. We take judicial notice of the Hukill docket and the collective bargaining agreement.

## II. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to shift the burden as to any relevant factual issue the taxpayer must comply with all substantiation and recordkeeping requirements and cooperate with all reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews, pursuant to section 7491(a)(2). See Higbee v. Commissioner, 116 T.C. 438, 441 (2001). Petitioners have not claimed or shown that they have met the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

**[*6]** III.      Schedule C Expenses

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to substantiate the expense underlying each claimed deduction by maintaining records sufficient to establish the amount and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid in carrying on a trade or business. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Commissioner v. Heininger, 320 U.S. 467, 471 (1943); sec. 1.162-1(a), Income Tax Regs. A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).

Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. at 475. A taxpayer must show a bona fide business purpose for the expenditure; there also must be a proximate

[*7] relationship between the expenditure and his or her business. Challenge Mfg. Co. v. Commissioner, 37 T.C. 650, 660 (1962). In general, where an expense is primarily associated with profit-motivated purposes--and personal benefit can be said to be distinctly secondary and incidental--it may be deducted under section 162(a). Int'l Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970). A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to any such trade or business. Ferrer v. Commissioner, 50 T.C. 177, 185 (1968), aff'd per curiam, 409 F.2d 1359 (2d Cir. 1969).

Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197.

Certain expenses specified in section 274 are subject to strict substantiation rules. To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount, (2) the time and place of the travel or use, and (3) the

[*8] business purpose.  Sec. 274(d).  To substantiate by adequate records, the

taxpayer must provide (1) an account book, a log, or a similar record and

(2) documentary evidence, which together are sufficient to establish each element

of an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed.

Reg. 46017 (Nov. 6, 1985).

Documentary evidence includes receipts, paid bills, or similar evidence.

Sec. 1.274-5(c)(2)(iii), Income Tax Regs.  To substantiate by sufficient evidence

corroborating the taxpayer's own statement, the taxpayer must establish each

element by his or her own statement and by documentary evidence or other direct

evidence.  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg.

46020 (Nov. 6, 1985).

A.    Travel Expenses

Petitioner husband contends that he is entitled to a $16,954 Schedule C

deduction for travel expenses incurred while operating his law firm during 2015.

To substantiate the travel expenses reported on his Schedule C, petitioner husband

provided a list, receipts, and bank statements identifying the amounts, dates, and

locations of his reported travel expenses.

Travel expenses are subject to the strict substantiation rules of section

274(d)(1).  Although the documents petitioner husband produced do provide

[*9] information regarding the amount, time, and place of incurred expenses, none of the documents provide enough information for us to determine to what extent, if any, these expenses had a business purpose. Petitioner husband produced no contracts with clients to substantiate travel expenses incurred for client engagements. Furthermore, some of the travel expenses were for trips that included petitioners' family members, and petitioner husband did not provide any evidence distinguishing which travel expenses were incurred for business and not personal purposes, if any.

The strict substantiation requirements of section 274(d) with respect to travel expenses were not met. Accordingly, petitioner husband is not entitled to a deduction for his travel expenses.

B.    Car and Truck Expenses

Petitioner husband contends that he is entitled to a $5,259 Schedule C deduction for car and truck expenses incurred while operating his law firm during 2015. To substantiate these expenses petitioner husband provided a list of dates, locations, mileage, and parking costs, along with bank statements, various receipts, and a copy of a calendar. The calendar contains writings of names, times, and locations but does not distinguish which appointments and locations were for

[*10] personal reasons, for petitioner husband's employment with Caltrans, or for his law firm.

Car and truck expenses are also subject to the strict substantiation rules of section 274(d). Secs. 274(d)(4), 280F(d)(4)(A)(i) and (ii). Similar to the documentation petitioner husband provided to substantiate his reported travel expenses, the documentation he produced to substantiate his reported car and truck expenses also specify the amount, time, and place that the expenses occurred but do not provide enough information for us to determine the business purposes of the expenses. The strict substantiation requirements of section 274(d) with respect to car and truck expenses were not met. Therefore, petitioner husband is not entitled to a deduction for his car expenses.

IV.    Unreimbursed Employee Business Expenses

A taxpayer may deduct unreimbursed employee business expenses as ordinary and necessary under section 162. Lucas v. Commissioner, 79 T.C. 1, 6-7 (1982). Miscellaneous itemized deductions, such as the deduction for unreimbursed employee business expenses, are allowed only to the extent that the total of such deductions exceeds 2% of adjusted gross income. Sec. 67(a). Unreimbursed employee business expenses are similar to Schedule C business expenses in that taxpayers are required to substantiate the expense underlying the

[*11] claimed deduction by maintaining records sufficient to establish the amount and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440.

To the extent that petitioner husband's claimed Schedule C deductions are for expenses incurred for the purpose of performing his duties as a Caltrans employee, they are considered employee business expenses. Employee business expenses paid on behalf of an employer who reimburses such costs may not be converted into trade or business expenses by failure to seek reimbursement. Stolk v. Commissioner, 40 T.C. 345, 356 (1963), aff'd per curiam, 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

When an employee has a right to reimbursement for expenditures related to his status as an employee but fails to claim such reimbursement, the expenses are not deductible because they are not "necessary". Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. California State regulations provide for reimbursement of out-of-pocket expenses incurred by State employees because of travel on official State business, including transportation and lodging. See Cal. Code Regs. tit. 2, secs. 599.615, 599.619, 599.626 (2014). The collective bargaining agreement states that "[w]hen an employee is authorized * * * to operate a privately owned vehicle on State business the employee will be

**[\*12]** allowed to claim and be reimbursed" for their expenses and "[w]hen an employee is required to report to an alternative work location, the employee may be reimbursed for the number of miles driven in excess of his/her normal commute." The collective bargaining agreement also states that employees may be reimbursed for lodging while on travel status to conduct State business.

Many of the travel and car and truck expenses petitioner husband reported on his Schedule C are related to his employment with Caltrans. He used his personal automobile in the course of his employment, particularly to travel to and from the Hukill trial daily. He rented a hotel for his lodging during the Hukill trial. He included these expenses in his claimed Schedule C travel and car and truck deductions.

Petitioner husband contends that he needed the hotel room to operate his law office while he was involved with the Hukill trial. He testified that he attended the Hukill trial from October 26 through December 23, 2015. He does not dispute that he could have received reimbursement from Caltrans for his travel and lodging expenses had he requested it. Because such expenses were incurred in the course of his employment and he was entitled to claim reimbursement for them, they are not considered "necessary" under section 162(a). Orvis v. Commissioner, 788 F.2d at 1408.

**[*13]** The documentation petitioner husband produced does not provide enough information to distinguish which expenses, if any, were incurred outside the scope of his ordinary, reimbursable employee business expenses.  Accordingly, petitioner husband is not entitled to deductions for unreimbursed employee expenses.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.