T.C. Summary Opinion 2004-113

UNITED STATES TAX COURT

WILLIAM G. APPLEGATE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

LUCY S. WANG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 19676-02S, 19692-02S.     Filed August 24, 2004.

William G. Applegate, pro se in docket No. 19676-02S.

Lucy S. Wang, pro se in docket No. 19692-02S.

Timothy S. Sinnott, for respondent.

DEAN, Special Trial Judge:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petitions were filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.  The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1999 a deficiency in William G. Applegate's and Lucy S. Wang's Federal income tax of $7,176.[1] The issues for decision are:  (1) Whether petitioners are entitled to deductions for employee business expenses; and (2) whether Ms. Wang is entitled to relief from joint and several liability on a joint return under section 6015.

The stipulated facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petitions in these cases were filed, both petitioners resided in Attica, Indiana.  The Court consolidated these cases for purposes of trial, briefing, and opinion because they involve common questions of law and fact.

## Background

During taxable year 1999, petitioner William G. Applegate (Mr. Applegate) and petitioner Lucy S. Wang (Ms. Wang) were married to each other, and they presently remain so.  Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 1999 which was prepared by Ms. Wang using information

---

[1]In the notice of deficiency, respondent allowed petitioners a previously unclaimed child tax credit of $1,000.

provided to her by Mr. Applegate. Ms. Wang did not discuss the return with Mr. Applegate.

Ms. Wang is a graduate of Purdue University, holding a degree in engineering. During taxable year 1999, Ms. Wang was employed as an environmental engineer with Eli Lilly & Co. (Eli Lilly), her employer of 22 years.

Mr. Applegate is also a graduate of Purdue University, holding a bachelor of science degree in industrial supervision. During 1999, Mr. Applegate, in his roles as president, secretary, shareholder, and employee of DriAll, Inc. (DriAll), earned $41,400. DriAll, a closely held corporation owned by Mr. Applegate's family, manufactures agricultural equipment and incinerators.

Petitioners maintained joint savings and checking accounts. Ms. Wang's wages from Eli Lilly, as well as checks from DriAll to Mr. Applegate, were deposited into their joint checking account. Ms. Wang had full access to both the joint savings and checking accounts. She reviewed the monthly bank statements, wrote checks, and balanced the checkbook.

DriAll had a reimbursement policy in place during 1999 which covered a variety of expenses. The reimbursable expenses included: (1) Business use of personal vehicles; (2) business travel expenses; (3) meals and entertainment expenses; and (4) general business expenses.

DriAll's reimbursement policies for business travel, meals and entertainment, and general business expenses required an employee to obtain preapproval for the expenses before incurring them. Preapproval for business travel and general business expenses could be obtained from the accounting department and the head of the department incurring the expense. Meals expenses in excess of $35 per day and any entertainment expenses also required preapproval, but only from the accounting department. Mr. Applegate was the head of his department and the head of accounting and preapproved his own expenses.

During 1999, Mr. Applegate paid the following expenses with respect to his employment with DriAll:

| Item | Amount |
|------|--------|
| Mileage | $17,967.84 |
| Travel | 6,500.27 |
| Business expenses | 5,111.39 |
| Meals & entertainment | 1,770.00 |
| | $31,349.50 |

Mr. Applegate gave Ms. Wang the receipts for his expenses, and on their 1999 Schedule A, Itemized Deductions, petitioners claimed a total deduction for unreimbursed employee business expenses of $31,349.50, less the 2-percent AGI floor of $2,132.24, or $29,217.26. Mr. Applegate could have received reimbursement from DriAll for these expenses instead of deducting them on their tax return. Respondent disallowed all of petitioners' claimed deductions for unreimbursed employee business expenses.

Petitioners also earned $17 in taxable interest from the Eli Lilly Credit Union which they failed to report on their return.

Ms. Wang seeks relief from joint and several liability for the deficiency pursuant to section 6015.

Discussion

1. Unreimbursed Employee Business Expenses

Under section 7491(a)(1), the burden of proof may shift to the Commissioner. Because the unreimbursed employee business expense issue is a question of law, section 7491 is inapplicable, and the Court decides the issue without regard to the burden of proof.

Pursuant to section 162(a), a taxpayer may deduct unreimbursed expenses which he actually paid and which were ordinary and necessary expenses of his trade or business. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). Because the business of a corporation is not considered the business of its shareholders or officers, Burnet v. Clark, 287 U.S. 410, 415 (1932), unreimbursed expenditures undertaken for the benefit of the corporation by one of its officers generally are not deductible by the officer, Deputy v. DuPont, 308 U.S. 488, 494 (1940).

Mr. Applegate testified that he incurred expenses on behalf of DriAll in his capacity as a corporate officer. He claims he sought reimbursement from DriAll for his expenses but DriAll did not have the funds to reimburse him. What happened, in practice,

is that Mr. Applegate looked at DriAll's account to see if there was money available for reimbursement and did not seek reimbursement because he concluded that DriAll did not have sufficient funds.  Mr. Applegate contends, therefore, that he is entitled to a deduction for these unreimbursed expenses. Respondent argues that the disallowed expenses were incurred by Mr. Applegate on behalf of DriAll and that they are DriAll's expenses, which may not be deducted by Mr. Applegate as his own trade or business expenses under section 162.

Mr. Applegate was entitled to reimbursement from DriAll for the expenses incurred on its behalf.  Where such an arrangement exists, the failure to claim such reimbursement from the corporation will not convert the corporation's expenses into the corporate employee's own deductible ordinary and necessary business expenses.  Podems v. Commissioner, 24 T.C. 21 (1955); Thomas v. Commissioner, T.C. Memo. 1988-505; King v. Commissioner, T.C. Memo. 1980-373; Ockrant v. Commissioner, T.C. Memo. 1966-60; Worth v. Commissioner, T.C. Memo. 1961-39.

Had Mr. Applegate requested reimbursement, the agreement by the corporation to reimburse an employee or officer, coupled with a failure to reimburse, might have given rise to a debt due from DriAll to Mr. Applegate for the unreimbursed amount.  See Worth v. Commissioner, supra.  The debt would be deductible only in the year in which it became worthless.  Thomas v. Commissioner,

supra; <u>King v. Commissioner</u>, <u>supra</u>; <u>Ockrant v. Commissioner</u>, <u>supra</u>; <u>Worth v. Commissioner</u>, <u>supra</u>.  Respondent's determination disallowing petitioners' deduction for unreimbursed employee business expenses is sustained.

2.  <u>Relief From Joint and Several Liability Under Section 6015</u>

Generally, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election, each spouse is jointly and severally liable for the entire tax due.  Sec. 6013(d)(3).  A spouse may seek relief from joint and several liability under section 6015.  A spouse may qualify for relief from liability under section 6015(b), or if eligible, may allocate liability under section 6015(c).  In addition, if relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f).  <u>Fernandez v. Commissioner</u>, 114 T.C. 324, 329-331 (2000); <u>Butler v. Commissioner</u>, 114 T.C. 276, 287-292 (2000).  The Court's review is not limited to the Commissioner's administrative record.  <u>Ewing v. Commissioner</u>, 122 T.C. 32, 44 (2004).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof.  Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Ms. Wang seeks relief from liability under section 6015 with respect to respondent's adjustments to the 1999 return for the

disallowed employee business expenses. She does not qualify for relief under section 6015(c) because she is still married to Mr. Applegate. See sec. 6015(c)(3). Thus, the Court begins its analysis with section 6015(b).

A. Section 6015(b)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax. To be eligible for relief, the requesting spouse must satisfy the following five elements of section 6015(b)(1):

> (A) A joint return has been made for a taxable year;
>
> (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;
>
> (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement;
>
> (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and
>
> (E) the other individual [makes a valid election] * * *

Respondent does not appear to dispute that Ms. Wang satisfies two elements of section 6015(b); namely, those

regarding joint return and timely election under section 6015(b)(1)(A) and (E), respectively. Additionally, the parties stipulated that the employee business expenses at issue are attributable to Mr. Applegate's employment with DriAll. Thus, Ms. Wang has also satisfied the requirement that the understatement of tax resulting from the disallowed employee business expenses must not be attributable to the individual seeking relief from the liability. Sec. 6015(b)(1)(B). The Court now considers whether Ms. Wang satisfies the remaining two elements of section 6015(b) with respect to the Schedule A deductions for unreimbursed employee business expenses.

The first of the two remaining elements of section 6015(b)(1) requires that Ms. Wang, in signing the return, did not know, and had no reason to know, that there was an understatement. See Grossman v. Commissioner, 182 F.3d 275, 279-280 (4th Cir. 1999), affg. T.C. Memo. 1996-452. A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement, or if a reasonably prudent taxpayer in his or her position, at the time he or she signed the return, could have been expected to know that the return contained an understatement or that further investigation was warranted. Butler v. Commissioner, supra at 283. In deciding whether a spouse has reason to know of an understatement, the Court undertakes a subjective inquiry. There

are several factors that are relevant to the Court's analysis, including but not limited to: (1) The alleged innocent spouse's level of education; (2) the spouse's involvement in the family's business and financial affairs; and (3) the culpable spouse's evasiveness and deceit concerning the couple's finances. Id. at 284.

Ms. Wang has a degree in engineering from Purdue University and had full responsibility for the family finances. She had full access to the family bank accounts, reviewed the bank account statements monthly, and maintained and balanced the family checkbook. Ms. Wang also prepared the tax return for the year in issue. Finally, Mr. Applegate made no attempt to deceive Ms. Wang about expenditures he made regarding his employment. In fact, she admits he gave her all his receipts for the expenditures. Ms. Wang simply made no effort to question him about them despite the fact that his expenses of over $31,000 equaled almost 76 percent of his income of $41,400.

The Court finds that Ms. Wang has failed to satisfy the requirements of section 6015(b)(1)(C). Therefore, she does not qualify for relief under section 6015(b).

B. <u>Section 6015(f)</u>

Ms. Wang may still qualify for relief, however, under section 6015(f). Section 6015(f) grants the Commissioner discretion to relieve from joint and several liability an

individual who files a joint return.[2]  Relief from the 1999 underpayment is not available to Ms. Wang under section 6015(b) or (c).  Thus Ms. Wang has satisfied section 6015(f)(2).

As contemplated by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. 447, 448, to be used in determining whether an individual qualifies for relief under that section.[3]  Rev. Proc. 2000-15, sec. 4.01, 2001-1 C.B. at 448, sets forth the threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).

---

[2]Sec. 6015 provides, in pertinent part, as follows:

SEC. 6015.   RELIEF FROM JOINT AND SEVERAL LIABILITY ON
             JOINT RETURN.

    (f) Equitable Relief.--Under procedures prescribed by the Secretary, if--

        (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

        (2) relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

[3]The guidelines applicable herein are set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447, which was in effect at the time Ms. Wang's request for relief was made.  Rev. Proc. 2000-15, supra, has been superseded by Rev. Proc. 2003-61, 2003-32 I.R.B. 296, effective for requests for relief filed on or after Nov. 1, 2003.

Respondent does not dispute that Ms. Wang has satisfied those threshold conditions.

Where the requesting spouse satisfies the threshold conditions set forth in Rev. Proc. 2000-15, sec. 4.01, Rev. Proc. 2000-15, sec. 4.02 sets forth the circumstances under which the Commissioner will ordinarily grant relief to that spouse under section 6015(f). Ms. Wang was still married to Mr. Applegate at the time she filed the claim for relief and thus has failed to satisfy all of the elements of Rev. Proc. 2000-15, sec. 4.02 and does not qualify for relief under that section.

Where, as here, the requesting spouse fails to qualify for relief under Rev. Proc. 2000-15, sec. 4.02, the Commissioner may nonetheless grant the requesting spouse relief under Rev. Proc. 2000-15, sec. 4.03. Rev. Proc. 2000-15, sec. 4.03(1) and (2), at 2000-1 C.B. 448, sets forth six positive and six negative factors that are to be considered in determining whether to grant relief. The revenue procedure makes clear that no single factor is to be determinative in any particular case, that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.

The sole factor weighing in favor of granting relief for Ms. Wang is that the items giving rise to the deficiency--the Schedule A employee business expense deductions--are attributable solely to Mr. Applegate. There are, however, several factors

weighing against granting relief to Ms. Wang.  First, she clearly knew about the employee business expense deductions because Mr. Applegate gave her his receipts and she used them to prepare their tax return.  Second, Ms. Wang received significant benefit from Mr. Applegate's employee business expense deductions.  His expenses of $31,349.50 equaled almost 30 percent of their gross income and constituted almost 70 percent of their total itemized deductions.  Finally, Ms. Wang has provided no information at all to show that she will experience economic hardship if relief from the liability is not granted.

Accordingly, the Court concludes that it is not inequitable under section 6015(f) to hold Ms. Wang liable for the deficiency.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decisions will be entered for respondent in docket Nos. 19676-02S and 19692-02S</u>.