T.C. Summary Opinion 2009-175

UNITED STATES TAX COURT

MOLLIE E. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7853-07S.                    Filed November 24, 2009.

Mollie E. Smith, pro se.

<u>Nancy W. Hale</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the year
at issue.  Rule references are to the Tax Court Rules of Practice
and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 20, 2007,[2] respondent determined a deficiency in, and additions to, petitioner's 2003 Federal income tax as follows:

| | Additions to Tax | | |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
|---|---|---|---|
| $22,488 | $2,974.27 | $2,115.04 | $314.51 |

After concessions, the issues for decision are:  (1) Whether petitioner is entitled to various trade or business expense deductions; (2) whether petitioner is entitled to a home mortgage interest deduction; and (3) whether petitioner is liable for a section 6651(a)(2) addition to tax.

### Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioner resided in Florida.

At all times relevant, petitioner lived with her mother in her mother's house.  Although nothing in the record suggests that petitioner had any legal obligation to do so, she typically paid her mother's real estate taxes and utility bills.

---

[2]In a separate notice of deficiency, also dated Feb. 20, 2007, respondent determined a deficiency in and additions to petitioner's 2002 Federal income tax.  The deficiency and additions to tax for 2002 are placed in dispute in the petition, but all issues for that year have been resolved by the parties.

During 2003 petitioner provided services to five health care providers (petitioner's clients). Some of her clients treated her as an employee; others considered her an independent contractor.

During 2003 petitioner's clients were located throughout the United States. She routinely traveled by car between her residence in Florida and the locations of her clients. Her business travels routinely required that she incur expenses for transportation and meals and lodging, some of which were paid or reimbursed by her clients.

Respondent's records indicate that petitioner's 2003 Federal income tax return, if submitted, was not received. Consequently, relying upon information returns received from petitioner's clients, respondent prepared what is commonly referred to as a "section 6020(b) return" for petitioner for 2003.[3] The adjustments to income and the determination made in the above-referenced notice of deficiency are consistent with the items shown on the section 6020(b) return.

## Discussion

Petitioner now agrees that she earned and received the income attributed to her in the notice of deficiency. According

---

[3]The income tax liability shown on the sec. 6020(b) return takes into account a personal exemption deduction and the standard deduction. That return also allows credit for $9,269 of income tax withholdings.

to petitioner, she reported that income on a Federal income tax return that she prepared and timely "efiled" using a popular computer-based, income tax return preparation program. Petitioner claims that the efiled return shows deductions for mortgage interest and business travel expenses incurred in connection with providing services to her clients.[4] As noted, respondent's records do not show receipt of any 2003 return from petitioner, and petitioner did not produce a copy of any such return at trial. Nevertheless, respondent now concedes the section 6651(a)(1) addition to tax, although without agreeing that petitioner's 2003 return was submitted as claimed.

## I. Deductions

We begin by noting, as we have observed in countless opinions, that deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[5] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934). This burden requires the

---

[4]Because some of her clients treated her as an employee and others treated her as an independent contractor some of the deductions, if otherwise allowable, would be properly claimed as miscellaneous itemized deductions on a Schedule A, Itemized Deductions, and some on a Schedule C, Profit or Loss From Business. The record hardly allows for any such technical precision.

[5]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, supra; sec. 1.6001-1(a), Income Tax Regs.

Having set out these fundamental principles, we turn our attention first to the deductions in dispute.

A. Business Travel Expense Deductions

According to petitioner, her 2003 efiled return shows a deduction or deductions for business traveling expenses.  As noted, a copy of that return has not been made part of the record, and petitioner has not actually quantified the amount of deduction or deductions to which she claims entitlement.  She did, however, produce various receipts for lodging and meals, and more or less tied those receipts to specific business trips.  She drove to the locations of her clients, but if she maintained a mileage log, it has not been made part of the record.

Ordinarily, a taxpayer may not deduct personal expenses, such as the costs of meals and lodging. Sec. 262(a). However, if properly substantiated, traveling expenses, including meals and lodging, incurred by a taxpayer during the taxable year while traveling away from home in the pursuit of a trade or business are deductible. Secs. 162(a)(2), 274(d).

If a taxpayer's traveling expenses are reimbursed or reimbursable, then the expenses are not a necessary expense to the taxpayer and are therefore not deductible under section 162(a). Podems v. Commissioner, 24 T.C. 21 (1955); Orvis v. Commissioner, T.C. Memo. 1984-533, affd. 788 F.2d 1406 (9th Cir. 1986).

Petitioner acknowledges that she was reimbursed for some portion of the business travel expenses to which the deduction or deductions relate, and she apparently understands that she is not entitled to a deduction for reimbursed travel expenses. See Podems v. Commissioner, supra. Because petitioner has not established the extent to which she was reimbursed for the business travel expenses she incurred, we are unable to determine what, if any, expenses were left unreimbursed. Therefore, petitioner fails to meet her burden of establishing entitlement to any deduction or deductions for travel expenses for 2003.

B. Home Mortgage Interest Deduction

In general, a taxpayer is entitled to a deduction for qualified residence interest (referred to on the Schedule A as "Home mortgage interest"). Sec. 163(h)(2)(D). Because the qualified residence interest deduction petitioner now claims does not exceed the standard deduction applicable to her filing status, see sec. 63, we need not consider her entitlement to this deduction.

II. Section 6651(a)(2) Addition to Tax

Respondent imposed a section 6651(a)(2) addition to tax for 2003. Respondent bears the burden of production with respect to the addition to tax here in dispute. See sec. 7491(c).

In general, section 6651(a)(2) provides for an addition to tax in the case of the failure to pay an amount of tax shown on a return unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[6]

Under section 6651(g)(2), a return the Commissioner prepares under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining the amount of the addition under section 6651(a)(2). For these purposes, a section 6020(b) return "must be subscribed, it must contain sufficient

---

[6]The sec. 6651(a)(2) addition to tax accrues at the rate of 0.5 percent per month until the maximum 25 percent is reached.

information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Spurlock v. Commissioner, T.C. Memo. 2003-124; see also Cabirac v. Commissioner, 120 T.C. 163, 170-171 (2003). The section 6020(b) return respondent prepared constitutes petitioner's 2003 return for purposes of section 6651(a)(2).

To prove reasonable cause for a failure to pay the tax, the taxpayer must show that he or she exercised ordinary business care and prudence in providing for payment of the tax and nevertheless was either unable to pay the tax or would suffer undue hardship if he or she paid the tax on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

According to petitioner, her 2003 return was timely filed and shows a refund due, rather than unpaid tax. Her explanation of the circumstances surrounding the preparation of her 2003 return is, at best, vague. She did not produce a copy of the 2003 return she claims to have prepared, and the summary of the electronically prepared return introduced into evidence says little regarding whether the return was electronically transmitted to respondent or otherwise manually filed. Furthermore, she does not suggest that she was unable to pay the tax or that she would have suffered undue hardship if the tax had

been paid on the due date.  Respondent's imposition of the section 6651(a)(2) addition to tax for 2003 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.