T.C. Summary Opinion 2011-74

UNITED STATES TAX COURT

LONGY O. ANYANWU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1460-09S.                    Filed June 21, 2011.

Longy O. Anyanwu, pro se.

<u>Evan H. Kaploe</u>, for respondent.

MORRISON, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.[1]

_____

[1]Unless otherwise indicated, all further references in this opinion to sections are to the Internal Revenue Code as in effect for the tax year 2005, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The IRS issued Longy O. Anyanwu a notice of deficiency pursuant to section 6212 showing a deficiency in income tax of $1,628 for the tax year 2005. Anyanwu timely petitioned the Court for redetermination of the deficiency under section 6213(a). The issue we resolve in this opinion is whether Anyanwu is entitled to miscellaneous itemized deductions of $18,190 and an $850 deduction claimed for "printer, ink cartridges, and paper". We determine that the deductions are not allowable.

Anyanwu filed a joint income-tax return with his then wife, Fidelia E. Anyanwu, for 2005. The return reported that the couple earned wages and salary of $48,992. The entire $48,992 consisted of the wages Anyanwu received from Trinity Christian College, where he taught computer science. The adjusted gross income reported on the return was $41,159. Itemized deductions totaled $25,981. The Anyanwus claimed four deductions for personal exemptions: one for Longy Anyanwu, one for Fidelia Anyanwu, one for a daughter, and one for a brother. The four personal-exemption deductions totaled $12,800. The taxable income reported on the return was $2,378, which is equal to $41,159 - $25,981 - (4 x $3,200). The tax reported was $239. But because the Anyanwus claimed an education credit of $239, they reported a zero tax liability. The Anyanwus reported that they had made prepayments of $3,159. Their return reported that the IRS owed them a refund of $3,159.

The $25,981 of itemized deductions reported on Schedule A, Itemized Deductions, were divided into two categories: (1) miscellaneous itemized deductions, which are subject to the 2-percent-of-AGI "floor" of section 67, and (2) all other itemized deductions. A summary of the Anyanwus' claimed miscellaneous itemized deductions follows:

| Miscellaneous Itemized Deductions | |
|---|---|
| Vehicle expense | $4,855 |
| Parking, fees, tolls, etc. | 300 |
| Travel expense (away from home) | 4,000 |
| Other business expense | 7,065 |
| 50% of meals and entertainment | 400 |
| "prof. org.,/fees, etc." | 1200 |
| Tax preparation fees | 120 |
| Other unnamed expenses | 250 |
| Total | 18,190 |
| 2% AGI | 823 |
| Total after subtracting 2% | 17,367 |

A summary of the Anyanwus' claimed nonmiscellaneous itemized deductions follows:

Itemized Deductions Other
Than Miscellaneous Itemized Deductions

| | |
|---|---|
| Medical and dental expenses ($4,000 before subtraction of 7.5% AGI) | $913 |
| Taxes paid | 1,853 |
| Charitable contributions (cash) | 1,264 |
| Charitable contributions (noncash) | 700 |
| Casualty or theft losses | 3,034 |
| Printer, ink cartridges, paper | 850 |
| Total | 8,614 |

The notice of deficiency was issued on October 31, 2008, to both Mr. and Mrs. Anyanwu. The notice of deficiency disallowed the $18,190 in prefloor miscellaneous itemized deductions and the $850 deduction for "printer, ink cartridges, and paper" claimed by the Anyanwus.[2]

_____

[2]Portions of the notice of deficiency seem to reflect a determination that all of the Anyanwus' Schedule A deductions were disallowed. The Anyanwus reported Schedule A deductions of $25,981. The notice of deficiency contained a Form 4549, Income Tax Examination Changes, that stated that there was a $25,981 "[Adjustment] to Income". The same $25,981 adjustment is reflected on a Form 886-A, Explanation of Items.

However, a one-page table attached to the notice of deficiency reflects that, of the Schedule A deductions claimed on the return, the IRS made adjustments only to the $18,190 in prefloor miscellaneous itemized deductions and the $850 deduction for "printer, ink cartridges, and paper". In the left column of the table, the IRS listed all the deductions the Anwanyus claimed on their Schedule A, and in another column the IRS listed the

(continued...)

Anyanwu filed a petition with the Tax Court. Anyanwu was a resident of Kansas when he signed the petition. His wife's signature on the petition was not genuine. Consequently, she was dismissed from the case. This left Anwanyu as the only party besides the IRS.[3]

At trial Anyanwu's testimony and other evidence were organized differently from the line items and amounts on the Schedule A. Consequently, our discussion of Anyanwu's

_____

[2](...continued)
Schedule A deductions as adjusted by the IRS. The deductions listed in the left column of the table are faithful to the amounts of the deductions the Anyanwus reported on their Schedule A, with one exception. The IRS table listed the Anyanwus as having reported the $850 deduction for "printer, ink cartridges, and paper" as a miscellaneous itemized deduction. In actuality, the Anyanwus reported the deduction as an itemized deduction. Consistent with its (inaccurate) characterization of the Anyanwus as having claimed the $850 deduction as a miscellaneous itemized deduction, the table listed the miscellaneous itemized deductions the Anyanwus claimed as $19,040, instead of the $18,190 claimed on the return. The table also stated that, after reduction for the 2 percent floor, the Anyanwus had claimed $18,217 in miscellaneous itemized deductions. This amount is equal to $19,040 minus 2 percent of $41,150. Next to the $18,217 amount, the table listed an adjusted amount of zero. This reduction of miscellaneous itemized deductions from $18,217 to zero is the only adjustment listed in the table against any of the line items on the Anyanwus' Schedule A.

Besides the adjustments described above, the notice of deficiency appears to have made adjustments to the exemptions reported on the tax return. However, the only issue asserted in the IRS pretrial memorandum with respect to the entire tax return is whether the IRS properly disallowed $19,040 in miscellaneous itemized deductions that had been claimed on the Anyanwus' 2005 Schedule A. This is the only issue addressed in this opinion.

[3]Technically, the respondent is the Commissioner of Internal Revenue (sec. 7803(b)(2)(D)), who is the head of the IRS.

entitlement to deductions will not correspond to the line items and amounts on the Schedule A. And, although the Anyanwus claimed $18,190 of miscellaneous itemized deductions on their return, Anyanwu claimed entitlement to only $7,780 at trial. Consequently, we will consider only the $7,780 of deductions claimed at trial.

Anyanwu bears the burden of proving that he is entitled to the deductions. This is because a taxpayer generally has the burden of proving that the determinations in the notice of deficiency are erroneous. See Rule 142(a). Although the burden of proof is imposed on the IRS if the conditions of section 7491(a) are met, Anyanwu has not shown that these conditions have been met. Therefore the burden of proof rests on Anyanwu.

To satisfy his burden of proof, Anyanwu must prove each disputed factual proposition by a preponderance of the evidence. An additional relevant principle is that, if a taxpayer has proven entitlement to a deduction but fails to establish the precise amount of the deduction, the Court should estimate the deduction. This principle, which was established in Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), is subject to two major exceptions relevant here. First, no deduction should be allowed if there is no reasonable basis for estimating the amount of the deduction. See Williams v. United States, 245 F.2d

559, 560 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Second, certain deductions are not allowed if the taxpayer has failed to provide the proof required by section 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Anyanwu did not address the $850 deduction for "printer, ink cartridges, and paper": he neither presented proof at trial nor discussed it in his posttrial brief. Even if he has not conceded the deduction, he has failed to show he is entitled to it. The $7,780 in deductions to which he claimed entitlement at trial are for expenses Anyanwu allegedly incurred while performing services for his employer, Trinity Christian College. An employee is entitled to a deduction for all ordinary and necessary expenses paid in performing services for an employer. Sec. 162(a). Expenses for which the employee could claim reimbursement, but does not, are not deductible. <u>Podems v. Commissioner</u>, 24 T.C. 21, 22-23 (1955).

The deductions that Anyanwu claims fall into seven general categories. As we explain, Anyanwu is not entitled to any of the deductions.

First, Anyanwu argues that he incurred $3,665 for a summer research project. A portion of the $3,665 is $120 for two months of internet service. Anyanwu produced no contemporaneous records

or receipts demonstrating that he paid for internet service or that, even if he did pay for internet service, his use of the service was for a business purpose. He indicated through testimony and through a table that he created before trial that he had spent $120 on purely business-related internet services, but we did not believe him. We conclude that he is not entitled to the deduction for $120 in internet service.

Another portion of the $3,665 is $360 for two months of telephone calls. Anyanwu produced no contemporaneous records or receipts showing that he incurred the costs of making telephone calls. Anyanwu suggested that the IRS trial counsel could have estimated the costs himself by making telephone calls from the IRS offices in Kansas City and then using the resulting telephone bills to reconstruct Anyanwu's telephone costs. Such an experiment would fail to produce any useful results for reasons that illustrate why Anyanwu is not entitled to a deduction. The IRS trial lawyer does not know who Anyanwu telephoned, the length of calls, the time of day of the calls, or the dates of the calls. There is no way for the IRS trial lawyer, or for us, to estimate the costs of Anyanwu's telephone calls. The absence of information is Anyanwu's fault, not the IRS's. Furthermore, Anyanwu failed to produce contemporaneous records or receipts showing which telephone calls were business-related, as opposed to personal. He indicated, through testimony and through a table

that he created before trial, that he spent $360 on purely business-related telephone services, but we did not believe him. We conclude that he is not entitled to deduct the costs of telephone calls.

Another portion of the $3,665 is $3,185 for traveling to Nigeria for two months from June 7 through August 2, 2005.[4] The costs are not deductible for several reasons. First, the 2005 trip to Nigeria was primarily personal. See sec. 1.274-4(f)(5)(ii), Income Tax Regs. (stating that if a trip is "primarily personal in nature, the traveling expenses to and from the destination are not deductible"). Nigeria is where Anyanwu grew up. During the trip, he married Mrs. Anyanwu, a Nigerian. Second, Anyanwu provided no records or detailed testimony explaining how he advanced his research agenda while in Nigeria. Thus, even if the Nigeria trip was not primarily personal, there is no evidence in the trial record that would allow us to determine the portion of the trip expenses that had a business purpose. Even setting aside Anyanwu's failure to meet the substantiation requirements of section 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), a point we consider next, he is not entitled to deduct the cost of the trip. Third, of the alleged costs of the trip, only the $1,738.49 cost for the

---

[4]The $3,185 is equal to $4,185 minus the $1,000 reimbursement that Anyanwu received from Trinity Christian College.

international round-trip airplane ticket to Nigeria is documented. No other expenses are documented. Section 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985), requires a taxpayer to prove the amount and other aspects of a travel expenditure. The requisite proof must take the form of adequate records or sufficient evidence corroborating the taxpayer's own statement. Id. For the trip expenses other than the $1,738.49 airline ticket, Anyanwu has provided no records apart from a table he created on the eve of trial.[5] Thus, he has failed to provide the proof required by the regulation. He is not entitled to a deduction for any of the costs of the Nigeria trip.

Second, Anyanwu argues that he incurred $462 in unreimbursed costs for a trip to Huntington, Indiana, to attend a conference

---

[5]Anyanwu argues that he does not have records of these and other expenses because his hard disk drive crashed and he was unable to recover the data. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), provides that where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer may substantiate a deduction by reasonable reconstruction of expenditure or use. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., supra, does not relieve Anyanwu of the substantiation requirement of sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). We are not convinced that the required records were present on Anyanwu's computer before the failure of his hard disk drive. Furthermore, Anyanwu has not reasonably reconstructed his expenses. His testimony and written evidence were insufficiently detailed to reconstruct the expenses.

on June 1 through 4, 2005.  This trip appears to be a business trip.  However, Anyanwu has not shown that he was not entitled to reimbursement from his employer for the cost of this trip. Therefore, the cost of the trip is not deductible.[6]  See Podems v. Commissioner, 24 T.C. at 22-23.  Furthermore, only $207 of the $462 in alleged expenses is documented.  His entitlement to the rest of the expenses is therefore precluded by the substantiation requirement of section 1.274-5T, Temporary Income Tax Regs., supra.  Even without considering the substantiation requirement, there is no way of estimating the amount of the other alleged expenses.  He is therefore not entitled to a deduction for the cost of the Huntington trip.

Third, Anyanwu argues that he incurred $1,400 in costs for a trip to Phoenix, Arizona, to attend a conference on March 1 through 5, 2005.  This trip appears to be a business trip. However, Anyanwu has failed to demonstrate that he was not entitled to claim reimbursement from his employer for the cost. Furthermore, none of the Phoenix expenses are documented and there is no way of estimating the amount of the deductible

---

[6]Anyanwu admits that $180 of the trip costs were actually reimbursed by his employer.  In order to show that he was not entitled to be reimbursed for the remainder of the expenses of the Huntington trip (and for the other expenses at issue in this case), Anyanwu attempted to obtain the policy of Trinity Christian College regarding reimbursement of faculty expenses. His request for information was vague and resulted in an uninformative response from the college.

expenses for the Phoenix trip.  He is therefore not entitled to a deduction for the cost of the Phoenix trip.

Fourth, Anyanwu argues that he incurred $1,390 in costs to travel to Miami, Florida, for a conference on May 25 through 28, 2005.  This trip appears to be a business trip and Anyanwu has provided documentary evidence for the trip, thus allowing us to estimate the cost of the trip.  However, Anyanwu has failed to demonstrate that he was not entitled to reimbursement for the Miami trip.  Therefore, he cannot deduct the cost.

Fifth, Anyanwu argues that he is entitled to a $243 amortization deduction for what he described as "Software/books, etc."  Nothing in the record supports the elements of the $243 deduction except for a table that Anyanwu prepared on the eve of trial.  Anyanwu did not testify under oath that the $243 amount is correct.  The mere fact that Anyanwu typed this number on a document before trial is not sufficient to convince us that the amount is correct.  We have no way of knowing the type of software and books, their cost, or when they were purchased.[7]  He has not shown by a preponderance of evidence that he is entitled to this $243 deduction.

_____

[7]The IRS argues that the deduction is barred by the substantiation requirement of sec. 1.274-5T, Temporary Income Tax Regs., supra.  Setting aside sec. 1.274-5T, Temporary Income Tax Regs., supra, we have no grounds for determining that Anyanwu is entitled to an amortization deduction of $243.

Sixth, Anyanwu argues that he is entitled to a $360 depreciation deduction for a laptop computer that he allegedly purchased in 2005 for $1,800.[8] A computer is "listed property". Sec. 274(d)(4) (disallowing unsubstantiated deductions for listed property as defined in section 280F(d)(4)); sec. 280F(d)(4)(A)(iv) ("listed property" means computer or peripheral equipment as defined in section 168(i)(2)(B)); sec. 168(i)(2)(B) (defining computers and peripheral equipment). A deduction for a computer must therefore meet the substantiation requirement of section 1.274-5T, Temporary Income Tax Regs., supra. One aspect of this requirement is that the taxpayer must prove the purchase price of the listed property. Sec. 1.274-5T(b)(6)(i)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Such proof must take the form of adequate records or sufficient evidence other than the statement of the taxpayer. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra. The only support that $360 is the correct deduction is a table prepared by Anyanwu on the eve of trial. This table does not satisfy strict substantiation requirements. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra ("the corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to

---

[8]The IRS argues that this laptop computer is one of three computers Anyanwu owned and that it was unnecessary for him to own so many computers. We need not address this argument.

elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence"). Anyanwu is not entitled to the $360 deduction.

Seventh, Anyanwu argues that he is entitled to a $260 depreciation deduction for a desktop computer that he allegedly purchased on August 15, 2005, for $1,300. The deduction for the desktop computer is not allowable for the same reason that the deduction for the laptop computer is not allowable.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.