T.C. Memo. 2016-148

UNITED STATES TAX COURT

LAWRENCE A. TANZI AND PATSY JEAN TANZI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13603-14.                               Filed August 9, 2016.

Lawrence A. Tanzi and Patsy Jean Tanzi, pro sese.

Jeremy D. Cameron and Randall B. Childs, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a Federal income tax

deficiency of $2,949 for the Tanzis' 2011 taxable year.  After concessions,[1] the

---

[1] At trial respondent conceded that the Tanzis are entitled to a $1,000
deduction for tax return preparation fees.  On brief respondent argues that the
Tanzis may have deducted the same $1,000 twice:  once on Schedule A, Itemized
(continued...)

[*2] only issue for decision is whether the Tanzis are entitled to deductions for unreimbursed employee business expenses.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of fact and the accompanying exhibits are incorporated herein by this reference. The Tanzis resided in Florida when they timely filed their petition.

During the first half of 2011 the Tanzis were employed by Seminole State College. Dr. Tanzi taught math and communications classes as an adjunct professor, and Mrs. Tanzi was employed as a campus librarian.

Dr. Tanzi is highly educated--he holds a doctorate in communication. As he explained at trial, individuals holding such terminal degrees bear a lifelong burden of "developing knowledge, finding knowledge, exploring, [and] essentially self-educating". Dr. Tanzi therefore insists that all expenses paid in adding to his "general knowledge" should be deductible as unreimbursed employee business expenses.

---

[1](...continued)
Deductions, line 22; and again on Schedule A as a component of unreimbursed employee business expenses. We are unable to find the second deduction that respondent alleges. Regardless, we hold, as respondent concedes, that the Tanzis are entitled to a single $1,000 deduction for tax return preparation fees.

[*3]   On Schedule A of their Form 1040, U.S. Individual Income Tax Return, for 2011 the Tanzis deducted:  (1) 100% of their phone, Internet, and television expenses--all of which they classify as "electronic support"; (2) depreciation expenses for assets allegedly purchased in prior years; (3) expenses incurred in purchasing books, DVDs, and CDs for a "professional library"; and (4) computer equipment expenses.

On May 5, 2014, respondent issued the Tanzis a notice of deficiency disallowing the unreimbursed employee business expense deductions and a deduction for $1,000 in tax return preparation fees.[2]  Respondent determined that the Tanzis were liable for a deficiency in income tax of $2,949.

On June 11, 2014, the Tanzis timely filed a petition for redetermination with the Tax Court.

OPINION

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business; but personal,

---

[2]  As a result of his disallowance of deductions for unreimbursed employee business expenses and tax return preparation fees, respondent also disallowed the remaining itemized deductions and instead allowed a standard deduction.

[*4] living, or family expenses are not deductible.[3]  Secs. 162(a), 262.  An expense is "ordinary" if it is "normal, usual, or customary" in the taxpayer's trade or business.  See Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is "necessary" if it is "appropriate and helpful" in the taxpayer's business, but it need not be absolutely essential.  Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (citing Welch v. Helvering, 290 U.S. 111, 113 (1933)).  Whether an expense is deductible pursuant to section 162 is a question of fact to be decided on the basis of all the relevant facts and circumstances.  Cloud v. Commissioner, 97 T.C. 613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475 (1943)).

A trade or business includes performing services as an employee, and, thus, an employee may deduct expenses that are ordinary and necessary to his or her employment.  See Lucas v. Commissioner, 79 T.C. 1, 6 (1982).  Generally, expenses incurred by a university professor to engage in the teaching and research expected of the professor by the university are ordinary and necessary expenses.  See Keating v. Commissioner, T.C. Memo. 1995-101 (citing Rev. Rul. 63-275, 1963-2 C.B. 85).  However, an employee expense is not ordinary and necessary if

---

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*5]** the taxpayer is entitled to reimbursement from his or her employer. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

The taxpayer bears the burden of proving that he is entitled to the deduction claimed, and this includes the burden of substantiation.[4] Rule 142(a); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he or she is entitled to the deductions. Sec. 6001.

If a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making (Cohan rule). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate.

---

[4] Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets certain other prerequisites, the Secretary shall have the burden of proof with respect to that issue. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). However, the Tanzis have neither claimed nor shown that they satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent. Accordingly, the Tanzis bear the burden of proof. See Rule 142(a).

[*6] Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).

As explained below, we hold that none of the unreimbursed employee business expenses in dispute are deductible.

A.     Home Internet Expenses

First, we address the Tanzis' deduction for home Internet expenses. A taxpayer may deduct the cost of home Internet service pursuant to section 162 if the expense is ordinary and necessary in the taxpayer's trade or business. See Fessey v. Commissioner, T.C. Memo. 2010-191. To the extent that the taxpayer's home Internet expense is attributable to nonbusiness use, it constitutes a nondeductible personal expense. See sec. 262(a); Fessey v. Commissioner, T.C. Memo. 2010-191. We have previously characterized Internet expenses as utility expenses. Verma v. Commissioner, T.C. Memo. 2001-132. Consequently, strict substantiation does not apply, and we may estimate the business portion of the Internet expenses under the Cohan rule. See Pistoresi v. Commissioner, T.C. Memo. 1999-39.

[*7] The Tanzis argue they are entitled to a $741 deduction for home Internet expenses. The Tanzis provided receipts showing they paid the expenses. Dr. Tanzi argued he should be entitled to deduct the full amount on the basis that all Internet access contributed to increasing his "general knowledge". We find this argument unpersuasive. Use of the Internet in the pursuit of "general knowledge" does not strike us as an ordinary and necessary business expense for a college professor. It is more in the nature of a personal expense. Accordingly, we find that the Tanzis are not entitled to deduct their home Internet expenses.

The Tanzis also argue that Mrs. Tanzi was ill in 2011 and required the use of the Internet to continue her work from home. While we are sympathetic to her health problems, no evidence or testimony was provided showing the extent of her absence from work which would allow us to estimate and allocate an appropriate amount for deduction. Any estimate we made would be wholly arbitrary. Accordingly, no deduction for home Internet expenses is allowed.

B.      Cellular Phone Expenses

The Tanzis also argue that they are entitled to a $2,288.16 deduction for cellular phone expenses. The Tanzis provided copies of their cellular phone statements showing they paid the expenses. However, they did not establish the extent they used the cell phones for business purposes relative to total use--they

[*8] simply deducted the entire amount.  Since there is insufficient evidence in the record for us to reasonably estimate and allocate an appropriate amount for deduction, we sustain respondent's disallowance of petitioners' deduction for cellular phone expenses.

C.      Computer Equipment Expenses

Next, we address the Tanzis' deduction for computer equipment.  A taxpayer must satisfy the strict substantiation requirements of section 274(d) in order to deduct expenses attributable to listed property, including computers and computer-related peripheral equipment.  Secs. 274(d)(4), 280F(d)(4)(A)(iv) and (v).  Regulations specify that, with respect to listed property, the taxpayer must "substantiate" the following elements:  (1) the cost of each individual item of listed property; (2) the amount of the business use and total use of the property; (3) the date of the expenditure or use with respect to listed property; and (4) the business purpose of the expenditure or use.  Sec. 1.274-5T(b)(1), (6), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).  Each element can be substantiated by either adequate records or sufficient evidence.  See sec. 274(d).

The Tanzis argue they are entitled to a $719 deduction for computer equipment expenses.  However, the evidence in the record shows only two receipts

**[\*9]** for computer equipment expenses totaling $64.19. The Tanzis did not show the amount of the business use of the property relative to the total use of the property. Rather, the Tanzis generally asserted that a computer is necessary for their jobs as education and library professionals. We find the evidence inadequate in satisfying the second element above requiring evidence of business use relative to total use. See sec. 1.274-5T(b)(1), (6), Temporary Income Tax Regs., supra. Accordingly, the Tanzis are not entitled to a deduction for computer equipment expenses.

### D.    Depreciation Expenses

The Tanzis argue they are entitled to deduct $12,332 in depreciation expenses. All of the depreciation expenses relate to property allegedly purchased between tax years 2004 through 2008. The Tanzis provided no evidence regarding the depreciable property other than a summary report. If any supporting documentation previously existed, Dr. Tanzi testified, he and his wife discarded it. The Tanzis' primary argument in support of the depreciation deduction is that respondent allowed substantially similar depreciation deductions for prior years and that it would therefore be logically preposterous to deny the deductions for 2011. We disagree. Each tax year stands by itself, and the Commissioner is not bound by his treatment of an item for a previous year. Pekar v. Commissioner,

**[\*10]** 113 T.C. 158, 166 (1999).  Accordingly, because the Tanzis did not provide any substantiating evidence, they are not entitled to a deduction for depreciation expenses.

###### E.     Professional Library and Satellite Television Expenses

The Tanzis argue they are entitled to deduct $2,028.25 spent on maintaining a professional library of books, CDs, and DVDs.  They also argue that they are entitled to deduct $1,825.87 spent on a DirecTV subscription.  The Tanzis provided bills and receipts showing they paid the expenses.  In support of their deductions the Tanzis again argue that the expenses are ordinary and necessary to their trades because they must constantly expand their "general knowledge" to be effective at their jobs.  Again, we find this argument unpersuasive.  The expenses were not ordinary and necessary to the Tanzis' trades but were rather in the nature of personal expenses.[5]  None of the expenses were a condition of their employment.  Dr. Tanzi even admitted that he is aware of no university that requires professors to purchase these additional materials and services in carrying

---

[5]  The titles of the books the costs of which the Tanzis argue they are entitled to deduct include "The Cat Owners Manual", "The Girl Who Couldn't Fly", and "The Groucho Marx Collection".  There were also receipts for numerous books on World War II shipped to an unidentified individual named Grey Tanzi. We find that these purchases do not bear a strong connection to either the math and communications courses Dr. Tanzi taught or to Mrs. Tanzi's job as a campus librarian.

**[*11]** out their jobs.  Accordingly, the Tanzis are not entitled to deduct satellite television expenses or the costs of maintaining their professional library.

In sum, we hold that none of the unreimbursed employee business expenses in dispute are deductible.  While we find credible the Tanzis' testimony that they spent significant time and resources educating themselves, we do not believe the expenses are ordinary and necessary for the trades of being a professor or a campus librarian but rather are personal, living, or family expenses nondeductible under section 262(a).

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.