T.C. Summary Opinion 2016-85

UNITED STATES TAX COURT

CHRISTIAN SIOUI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24843-13S.                    Filed December 19, 2016.

Christian Sioui, pro se.

<u>Alexander N. Martini</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 29, 2013 (notice), respondent determined a $3,763 deficiency in petitioner's 2010 Federal income tax. In an amendment to answer, filed February 18, 2015, respondent claimed an increased deficiency and a section 6662(a) accuracy-related penalty.

The issues for decision arising from both the notice and the amendment to answer are: (1) whether petitioner is entitled to various trade or business expense deductions claimed on a Schedule C, Profit or Loss From Business, and (2) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

Background

Some of the facts have been stipulated, and they are so found. At the time that the petition was filed and at all other times relevant here, petitioner resided in Florida.

During the year in issue petitioner was employed as a solution architect for Perficient, Inc. (Perficient). Petitioner's position with Perficient required him to

---

[1](...continued)
Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

travel at least 40 weeks in 2010, mostly to Detroit, Michigan, to provide consulting services to Ford Direct, a Perficient client. Petitioner also traveled to: (1) California to attend AJI Network conferences and the Atlassian Summit conference and (2) Canada on business related to his employment with Perficient.

During 2010 Perficient's Travel and Expense Policy (reimbursement policy) entitled petitioner to reimbursement for employee business-related expenses, including travel expenses, cellular telephone service, training and professional development expenses, and office expenses.

Perficient reimbursed petitioner on a semimonthly basis in accordance with its reimbursement policy. Taking into account expenses for airfares and related fees, ground transportation such as rental cars, parking, lodging, and meals and incidental expenses, during 2010 petitioner received approximately $34,400 in travel expense reimbursements from Perficient.

Petitioner was also the sole proprietor of a consulting business that he operated before and during 2010 under the name Kwak Communications (Kwak). Petitioner maintained a business checking account for Kwak. He routinely transferred money from his personal bank account to Kwak's business checking account in order to pay Perficient-related travel expenses.

According to petitioner, he used Microsoft Money to keep track of Kwak's expenses for Federal income tax return preparation purposes; but no reports generated by that program were made available at trial. Instead, in a schedule prepared shortly before trial petitioner reconstructed expenses that he claims to have paid in connection with Kwak's trade or business during the year in issue. Bank statements, sales receipts, and other documents included with this schedule of expenses substantiate some of those expenses.

Petitioner prepared his own 2010 Federal income tax return, which shows his $108,316 wage income from Perficient. That return includes a Schedule C on which the income and expenses attributable to Kwak are shown. The Kwak Schedule C shows $1,470 of gross receipts and $71,298 of expenses, resulting in a $69,828 loss, which is taken into account in the computation of the adjusted gross income reported on petitioner's 2010 return. More specifically, the following deductions are claimed on the Kwak Schedule C:

| Expense | Amount |
| --- | --- |
| Advertising | $13,133 |
| Car and truck | 6,570 |
| Commissions and fees | 637 |
| Contract labor | 9,129 |
| Mortgage (other) | 522 |
| Legal and professional services | 1,863 |
| Office | 18,721 |

Rent or lease
   (vehicles, machinery, and equipment)         1,703
Repairs and maintenance          2,316
Supplies          2,985
Taxes and licenses          472
Travel          8,402
Meals and entertainment          136
Utilities          3,307
Wages          1,402

In the notice respondent disallowed the deductions for car and truck expenses, legal and professional services, travel, and meals and entertainment expenses. The increased deficiency claimed in the amendment to answer results from the disallowance of the remaining deductions. According to respondent, the only trade or business expenses that petitioner incurred during 2010 related to his employment with Perficient, and to the extent he incurred any such expenses he has been reimbursed, or could have been reimbursed, by Perficient.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[2] Rule 142(a); INDOPCO, Inc. v.

_____

[2]Petitioner does not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Respondent bears the burden of proof with respect to the increased deficiency and section 6662(a) accuracy-related penalty claimed in the amendment to answer.  See Rule 142(a)(1).

I.  Schedule C Deductions

Taxpayers must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  Generally, the performance of services as an employee constitutes a trade or business.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  An employee business expense is not deductible as "ordinary and

necessary" if the employee is entitled to reimbursement from his or her employer. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272. The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Section 274(d) imposes strict substantiation requirements for travel, entertainment, gift, and listed property (including passenger automobiles) expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For listed property expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip

sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Petitioner claimed a $71,298 deduction for expenses reported on the Kwak Schedule C. According to petitioner these expenses are ordinary and necessary business expenses of Kwak. According to respondent, petitioner failed to substantiate the expenses at issue and is therefore not entitled to a deduction for any of the expenses reported on the Kwak Schedule C.

The Court carefully reviewed the record, including petitioner's schedule of expenses prepared shortly before trial, numerous canceled checks, bank statements, and receipts petitioner submitted into evidence to substantiate the amounts at issue. The Court is satisfied that petitioner is not entitled to a deduction for any expense reported on the Kwak Schedule C.

Petitioner admittedly did not keep accurate records. To the extent that petitioner connected an item of substantiation to a deduction, the deduction was

being claimed for a personal expense or for a Perficient-related expense that was reimbursed or reimbursable by Perficient. With respect to the disallowed deductions that respondent claimed in the amendment to answer, respondent has met his burden of proof. Otherwise, we find that petitioner failed to meet his burden of proof with respect to the deductions claimed on the Kwak Schedule C that were disallowed in the notice. Accordingly, petitioner is not entitled to a deduction for any expense reported on the Kwak Schedule C.

## II.  Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty. That section imposes an accuracy-related penalty equal to 20% of the underpayment of tax that is attributable to negligence or other specified grounds. Negligence as used in section 6662(b)(1) is defined as any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Respondent bears the burden of proof with respect to the accuracy-related penalty claimed in the amendment to answer. See Rule 142(a)(1).

Petitioner failed to maintain adequate substantiating records for many of the expenses underlying the deductions claimed on his 2010 return. To the extent that petitioner did maintain substantiating records, the records show that the expenses were personal, see sec. 262, or related to his employment with Perficient and that he was, or could have been, reimbursed for them. Petitioner's failure to keep adequate records, and his treatment of reimbursed or reimbursable Perficient-related employee business expenses as expenses relating to Kwak render him liable for an accuracy-related penalty. Respondent's imposition of the penalty in the amendment to answer is sustained.

To reflect the foregoing,

Because the amendment to answer fails to include the amount of the increased deficiency or the amount of the accuracy-related penalty, decision will be entered under Rule 155.