T.C. Summary Opinion 2017-80

UNITED STATES TAX COURT

SAMUEL SCOTT BECKEY AND JENNIFER JEAN BECKEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4314-16S.                    Filed November 1, 2017.

Samuel Scott Beckey, pro se.

Clint T. Hale, Jeffrey L. Heinkel, and Michael S. Hensley, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $23,294 in petitioners' Federal income tax for 2013 and an accuracy-related penalty of $4,267 pursuant to section 6662(a). Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioners resided in California.

After concessions,[2] the issues remaining for decision are whether petitioners are: (1) entitled to deductions for moving expenses and unreimbursed employee business expenses and (2) liable for an accuracy-related penalty under section 6662(a).

---

[1](...continued)
Revenue Code (Code), as amended and in effect for 2013, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Petitioners concede that they failed to include in taxable income a distribution of $9,791 from an individual retirement account and that they are liable for the 10% additional tax prescribed by sec. 72(t). Additionally, petitioners are deemed to have conceded respondent's disallowance of a contract labor expense deduction of $8,120 claimed on Schedule C, Profit or Loss From Business.

## Background[3]

### I. Petitioners' Employment

In 2013 petitioners were residing in southern California. Mrs. Beckey was employed in an administrative role at a law firm, and she voluntarily participated in professional organizations. Mrs. Beckey did not maintain a mileage log or a similar record of vehicle or other expenses related to her employment.

Mr. Beckey managed Teknocracy, a small business that provided manufacturing automation and software development services. One of Teknocracy's clients was the Northern California Golf Association (NCGA). In April 2013 NCGA hired Mr. Beckey as a full-time employee. Mr. Beckey successfully completed a three-month probationary period and worked for NCGA until November 2014.

On April 3, 2013, Mr. Beckey signed a one-year lease on a three-bedroom house near Monterey, California. Mr. Beckey hired a moving company to assist him in moving some furniture from petitioners' home in southern California to Monterey. Mrs. Beckey continued to reside in southern California.

While working for NCGA Mr. Beckey drove his own vehicle between a temporary office in Livermore and a permanent office in Monterey. Mr. Beckey

---

[3]Some of the facts have been stipulated and are so found.

also occasionally traveled to NCGA's clients' offices at different locations in northern California.

## II. Employee Reimbursement Policies

Mrs. Beckey's employer maintained a reimbursement policy under which employees who obtained prior approval could normally request reimbursement for business expenses, including vehicle expenses, travel, and meals and entertainment. There is no objective evidence that Mrs. Beckey requested reimbursement for any of the employee business expenses in dispute.

Although Mr. Beckey acknowledged that NCGA maintained an employee reimbursement policy, he failed to produce a copy of the policy. There is no objective evidence that Mr. Beckey requested reimbursement for any of the employee business expenses in dispute.

## III. Petitioners' 2013 Tax Return

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2013, reporting combined wage income of $286,294. In computing their adjusted gross income, petitioners claimed an "above the line" deduction of $51,500 for moving expenses. On Schedule A, Itemized Deductions, petitioners claimed a deduction of $99,379 for unreimbursed employee business expenses (before the application of the 2% floor prescribed in section 67).

A. Moving Expenses

Petitioners attached to their tax return a Form 3903, Moving Expenses, reporting transportation and storage of household goods expenses of $8,500 and "travel expenses" of $43,000. Mr. Beckey explained at trial that the deduction for moving expenses included the rent and utility charges that he paid on his Monterey house, and he conceded that the claimed deduction was exaggerated.

B. Unreimbursed Employee Business Expenses

Petitioners attached to their tax return a Form 2106, Employee Business Expenses, for Mr. Beckey, reporting vehicle expenses of $12,024, parking fees, tolls, and transportation expenses of $1,212, travel expenses of $14,300, and other business expenses of $53,247.

Petitioners likewise attached to their tax return a Form 2106-EZ, Unreimbursed Employee Business Expenses, for Mrs. Beckey, reporting vehicle expenses of $3,673, travel expenses of $5,526, meals and entertainment expenses of $1,013, and other business expenses of $8,384.

IV. Developments at Trial

Mrs. Beckey did not appear at trial but instead signed and submitted to the Court a written statement authorizing Mr. Beckey to represent her interests. Mr. Beckey appeared at trial, testified, and offered into evidence credit card

statements and schedules purporting to re-create his and Mrs. Beckey's employee business expenses, including vehicle expenses.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4] Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

---

[4]Petitioners do not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and entertainment expenditures, and expenses related to the use of listed property as defined in section 280F(d)(4)(A).  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).  The term "listed property" includes, inter alia, passenger automobiles.  Sec. 280F(d)(4)(A)(i).  To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his or her own statement, which, in combination, are sufficient to establish the amount, date and time, and business purpose for each expenditure for travel away from home or each expenditure or business use of listed property.  Sec. 1.274-5T(b)(2), (6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016-46017 (Nov. 6, 1985).

I.  Moving Expenses

Section 217(a) allows as a deduction "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work."  Section 217(b) generally defines the term "moving expenses" as the reasonable expenses of moving household goods and personal effects from the

former residence to the new residence and of traveling (including lodging) from the former residence to the new place of residence.[5]

Petitioners claimed a deduction of $51,500 for moving expenses, including transportation and storage of household goods expenses of $8,500 and travel expenses of $43,000. Mr. Beckey conceded that the amount of the deduction claimed for moving expenses was exaggerated and included rent and utility charges that he paid on his Monterey house. Neither item qualifies as a deductible moving expense. Although we have no doubt that petitioners paid some moving expenses when Mr. Beckey moved to northern California, they did not provide the Court with persuasive evidence of the amount they paid for expenses described in section 217(b). Nor is there sufficient evidence to permit the Court to estimate the amount of an allowable deduction under the Cohan rule. Consequently, we sustain respondent's determination disallowing the deduction petitioners claimed for moving expenses.

---

[5]Sec. 217(c) requires that the taxpayer's new principal place of work be "at least 50 miles farther from his former residence than was his former principal place of work" and "during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer * * * [must be] a full-time employee, in such general location, during at least 39 weeks". There is no dispute that Mr. Beckey's employment in northern California satisfied the conditions of sec. 217(c).

## II. Unreimbursed Employee Business Expenses

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction normally is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). An employee business expense is not ordinary and necessary, however, if the employee is entitled to reimbursement from his or her employer. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.

Petitioners' employers both maintained employee reimbursement policies. Under Mrs. Beckey's employee reimbursement policy, employees normally could request reimbursement for business expenses, including vehicle expenses, travel, and meals and entertainment. To be eligible for reimbursement, employees were required to obtain prior approval for business expenses. Mr. Beckey failed to produce a copy of NCGA's employee reimbursement policy.

Petitioners failed to show by objective evidence that either of them requested reimbursement for any of the expenses underlying the deduction in dispute or that any particular request for reimbursement was denied. Moreover, neither petitioner maintained a log, a calendar, or a similar record required to properly substantiate or demonstrate the business purpose of various vehicle, travel, and meals and entertainment expenses. Most of the expenditures in question appear to be personal. Therefore, we sustain respondent's disallowance of the deduction that petitioners' claimed for unreimbursed employee business expenses.

III.  Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). A taxpayer is negligent if he or she fails to maintain sufficient records to substantiate disputed expenses. Higbee v. Commissioner, 116 T.C. 438, 449 (2001); sec. 1.6662-3(b)(1), Income Tax Regs. By definition, an

understatement generally means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent met his burden of production. Petitioners were negligent in failing to maintain adequate records to substantiate the expenses in dispute. Moreover, the understatement of income tax for the year in issue is substantial within the meaning of section 6662(d)(1)(A).[6]

---

[6]The record includes an executed Civil Penalty Approval Form with respect to the sec. 6662(a) penalty determined in the notice of deficiency.

Petitioners did not offer a defense to the imposition of an accuracy-related penalty in this case other than to assert that respondent had erred in determining a deficiency.  That matter having been resolved against them, respondent's determination that petitioners are liable for an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.